BOLIN, Judge ad hoc.
This is a suit for personal injuries and property damages as the result of an automobile accident which occurred at the intersection of Samford Avenue and Bo-linger Street in the City of Shreveport. One of the automobiles involved was owned and being operated by plaintiff, R. G. Grayson, and the other was owned and being driven by Tony P. Serio. The other defendant, Queen Insurance Company, is the liability insurer for Mr. Serio. Plaintiff alleges that the accident was. caused by the negligence of Mr. Serio and specifically sets up the following items of such negligence in his petition:
*140 1. In driving his car at a high rate of speed greatly in excess of the legal speed limit of 25 miles per hour on Sam-ford Avenue and at the point of collision;
2. By failing to have his car under control sufficient to avoid the collision;
3. By failing and refusing to slow down ■or stop in time to avoid the collision;
4. By failing to drive his car through the clear open and unobstructed space between the front of petitioner’s standing car and the east side of said intersection and thus avoid the collision.
5. By entering into the intersection after petitioner had already pre-empted the said intersection by entering into it;
6; By failing to avail himself of the last clear chance of avoiding and preventing said collision with petitioner’s said car.”
The defendant filed an answer in the form of a general denial and, in effect, asserted that the accident was caused solely by the negligence of plaintiff in the following particulars:
1. Failing to maintain a proper lookout where he was proceeding;
2. Driving into the path of respondent Serio at a time when it was not safe' for him to do so;
3. Leaving a place of safety and heedlessly entering into a place of danger;
4. Failing to give any warning of his approach;
5. Failing to have his automobile under control;
6. Entering the west lane of Samford Avenue in the face of approaching traffic.
Alternatively, the defendants pleaded contributory negligence on the part of the plaintiff, which acts of contributory negligence are alleged to be the same as those set forth as being the sole cause of the accident.
On the issues thus drawn the case was tried, resulting in a judgment in favor of the defendants and rejecting the demands of the plaintiff for the reasons assigned by the district judge in a written opinion dated October 13, 1958. From this judgment plaintiff has perfected this appeal.
The evidence shows that Samford Avenue is a hard-surfaced street which is 30 feet wide and runs generally in a north and south direction. Bolinger Street is likewise hard-surfaced and runs generally in an east and west direction. The testimony was to the effect that the latter street was 28 feet, 8 inches wide, or, for all practical purposes, the same width as Samford Avenue. As Bolinger Street intersected Samford Avenue from the east it was apparently unused on the west side of the intersection and for this reason the crossing could best be described as a “T” intersection.
On the day of the accident, there were, automobiles parked on both Samford, Avenue and Bolinger Street so that a person driving east on Bolinger Street could not see automobiles approaching from the north on Samford Avenue. The plaintiff was approaching from the east on Bolinger Street into the intersection of Samford Avenue. Because of the parked automobiles on the north side of Bolinger Street and the west side of Samford Avenue, Mr. Grayson was unable to ascertain if any automobiles were approaching from his left from the said Samford Avenue and traveling south.
According to.the testimony of the plaintiff, he stopped his vehicle prior to entering the intersection and, being unable to see to his left, he then slowly proceeded into Sam-ford Avenue a distance of approximately 14 feet and stopped. At that time he says that he saw Mr. Serio approaching from his left at a very high rate of speed and that Mr. Serio did not stop nor veer his vehicle to the left but collided with the left side of the plaintiff’s vehicle.
*141 The evidence was to the effect that Mr. Serio had, previous to the accident, parked his automobile at his place of business on Samford Avenue, which was approximately ISO feet north of the place where the accident occurred. On the date of the accident he had proceeded from where he had previously left his automobile to the scene of the accident at the moderate rate of speed of 25 or 30 miles per hour. Apparently Mr. Serio was approximately 75 feet from the intersection when he first saw the automobile of the plaintiff as it was stopped in the intersection. Mr. Serio reacted immediately by applying his brakes, which were in good mechanical order, resulting in his car skidding approximately 38 feet and striking the plaintiff’s automobile and driving it two feet farther.
The district judge, in his written opinion on the merits, came to the conclusion that the plaintiff entered Samford Avenue at a time when the defendant’s car was too close to avoid striking plaintiff’s car, and he therefore concluded that the accident was caused entirely by the negligence of the plaintiff and that the defendant was not negligent in any matter. He was further of the opinion that the defendant did not have a last clear chance to avoid the accident because of the sudden emergency which was created by the plaintiff stopping his vehicle in the middle of Samford Avenue; that, therefore, defendant could not be charged with negligence for failing to do something that his hindsight, showed should have been done.
This case presents largely a question of fact and the trial judge, after having listened to the evidence and viewed the witnesses while testifying on the stand, has resolved these factual issues against the plaintiff and in favor of defendant. There seems to be no manifest error in these findings of fact and, therefore, the findings of the district court should not be disturbed. To say the least, certainly the plaintiff was negligent, and, even if the defendant were also negligent, the plea of contributory negligence would bar plaintiff’s recovery herein.
There seems to be three principal issues set forth by the plaintiff’s petition and defendant’s answer. This court will set forth these issues and analyze the jurisprudence applicable to each of these as we appreciate it in the light of the facts developed during the trial of the case.
First: It is undisputed that plaintiff entered into Samford Avenue with the intention of making a left turn at a time when his view to the north, or his left, was obscured by vehicles parked at the curb of Samford Avenue on the west side and vehicles parked at the curb on Bolinger Street on the north side. Despite the fact that he was unable to see whether any traffic was coming from the north .on the intersecting street, he ventured therein, proceeded approximately 14 feet and stopped in the path of the oncoming traffic. It has been held many times by the appellate courts of this State that to thus enter a blind intersection constitutes negligence on the part of .the operator of such a vehicle. Trinity Universal Insurance Co. v. Nicholson, La.App. 2 Cir., 1958, 104 So.2d 244.
Second: Because the plaintiff has invoked the doctrine of pre-emption on the theory that, because he had proceeded approximately 14 feet into Samford Avenue, he had thereby pre-empted same according to our jurisprudence, the court will now give some discussion to this doctrine.
In the case of Gauthier v. Fogleman, La.App. 1 Cir., 1951, 50 So.2d 321, 323, the doctrine of pre-emption is correctly stated as follows:
“It is well settled that where a collision occurs between two automobiles at a street intersection, the automobile which first entered the intersection has the right to proceed, having the right of way over any automobile approaching at right angles and that the driver who does not respect the legal right of *142 the automobile which first entered the intersection to proceed through the intersection in safety, is negligent, even though the car entering the intersection secondly in point of time is being driven on a right of way street.”
However, the doctrine of pre-emption is like most rules of law in that it has certain exceptions. One of the exceptions to this rule was very aptly stated in the case of Dodd v. Bass, La.App. 2 Cir., 1955, 76 So. 2d 572, 575, wherein Judge Gladney, as the organ of this court, had this to say:
“The rule, we think, with special application under the circumstances here presented, and enunciated on many occasions, is that preemption of an intersection under the provisions established by our jurisprudence, does not mean the prior entry of the vehicle simply by a matter of a few feet, or in relation to the time element, by a fraction of a second ahead of another vehicle, but in order to support a charge of negligence such preemption must be construed to mean an entry into an intersection with the opportunity of clearing the same without obstruction of the path of another vehicle under reasonable and normal circumstances and conditions.”
Third: The district judge was of the opinion that the doctrine of last clear chance had no application in this case because of the sudden emergency which was created by the negligence of the plaintiff proceeding into Samford Avenue in the path of the defendant’s oncoming vehicle. We are of the opinion that he was eminently correct in these conclusions. In this connection see the case of Tyler v. Marquette Casualty Insurance Co., La.App. 2 Cir., 1955, 79 So.2d 376, 382, in which the court held:
“In such an event the resolution of the legal issue depends upon an application of the sudden emergency doctrine which comes into play when an automobile driver has only a fraction of time to act and the driver’s failure to use the best judgment is not considered an act of negligence where the driver of the other automobile has created the emergency.”
For the reasons stated hereinabove, it is the judgment of this court that the judgment as rendered by the district court is affirmed at appellant’s cost.
HARDY, J., absent.