133 So.2d 917 (1961)
W. L. DEAN, individually and on behalf of his minor son, Vernon Gerald Dean, Plaintiff-Appellant,
v.
H. V. PITTS et al., Defendants-Appellees.
No. 9488.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1961.
*918 Hayes, Harkey & Smith, Monroe, for plaintiff-appellant.
Davenport & Farr, Monroe, for defendants-appellees.
Before HARDY, AYRES and BOLIN, JJ.
AYRES, Judge.
This is an action for damages allegedly sustained in a collision between a motorbike operated by plaintiff's minor son, Vernon Gerald Dean, and an automobile owned by defendant H. V. Pitts, and driven by his minor daughter, Rosilyn Jane Pitts.
The accident occurred about 12:30 p. m., September 17, 1956, at or near the center of the intersection of Rochelle Avenue and North Sixth Street in the City of Monroe. At the time, the motorbike was proceeding in an easterly direction on Rochelle Avenue, and defendant's car, in a northerly direction on North Sixth Street.
Plaintiff appeals from a judgment rejecting his demands.
A specification of errors in the rendition of the judgment appealed relates to the finding of negligence on the part of Vernon Gerald Dean, failure to conclude that the speed of the Pitts car was the proximate cause of the accident and, alternatively, failure to apply the doctrine of last clear chance, or to allow recovery under the doctrine of pre-emption of the intersection.
The issues thus presented must be determined upon the basis of factual questions in connection with which the following facts are deemed relevant and material. North Sixth Street is a preferred thoroughfare, and traffic intersecting said street from Rochelle Avenue is required to come to a stop. From the intersection, there is a clear view to the south along North Sixth Street for a considerable distance, certainly not less than a block and a half.
Young Dean testified he stopped his motorbike prior to his entry into the intersection, made observation to his right and perceived no approaching traffic, after which he attempted crossing the intersection, whereupon he was struck about the center of the intersection by the Pitts car. He first observed this car when it was only three or four feet distant, his attention having been directed to it by the noise created by the application of its brakes.
Miss Pitts testified that she saw the motorbike stopped at the intersection when she was some distance away; whereupon she anticipated that it would remain in that position awaiting her passage, and that, when she observed the motorbike moving into the intersection, she applied her brakes, swerved her car to the left in order to prevent or avoid an accident, but, notwithstanding her efforts, she was unable to do so.
The principal conflict evidenced by the record relates to the question of the speed of the Pitts car. Miss Pitts testified that she was returning from lunch at her home to Neville High School where she was a student; that she was driving in a northerly direction on North Sixth Street at a speed of 25 to 30 m. p. h.; that, as there remained 30 minutes before class, she was in no particular hurry; and that, on seeing plaintiff's son moving into the intersection, she immediately applied her brakes but was unable to avoid the accident.
Dean testified that, at the time of the accident, he was on his way home during his *919 lunch period at Neville High School; that, as he approached the intersection with North Sixth Street, he came to a stop back from the curb line, where he looked both north and south and, observing no approaching traffic, shifted his vehicle into first gear and proceeded into the intersection; that, when he had gone past the center of the intersecting street, he heard the noise of the tires on the approaching automobile, caused by the application of its brakes; and that, when his attention was thus called to the presence of the automobile, it was only three or four feet away. Thus, he had little, if any, opportunity to judge the speed of the oncoming car. Any expression by him on the point would have been, at best, only an "uneducated" guess.
The only other witness who testified on the subject of the speed of defendant's vehicle was that of one Lester Swallow, who said that, as he approached North Sixth Street, about three blocks from Rochelle Avenue, Miss Pitts passed in front of him at an estimated speed of 50 to 55 m. p. h., and that, after making a left turn and also proceeding north on North Sixth Street for about a half a block, he saw the collision two and a half blocks away, after which he stopped at the scene of the accident but never made himself known to any of the investigating officers. From a reading of this testimony as a whole, we find little therein to convince us of his truthfulness. Obviously, the trial court was of the same impression.
Nor do we find that the doctrine of last clear chance affords any comfort or relief to plaintiff. A litigant who invokes the doctrine of last clear chance admits himself to have been negligent in the incident and, unless it be clearly shown that the plea of last clear chance is tenable under the established facts of the case, then the proponent finds himself without any basis to escape the consequences of his own admitted negligence. Harrell v. Goodwin, La.App. 2d Cir., 1947, 32 So.2d 758.
Thus, the question of the applicability, vel non, of the doctrine of last clear chance to the facts and circumstances of the instant case is presented for determination. The doctrine, as applied to those operating motor vehicles is that where a motorist sees or where, by the exercise of due diligence, he could and should have seen a person in peril, of which such person is unaware or unable to extricate himself, the duty devolves upon the motorist to use every possible available means to avert injury, notwithstanding the negligence of such person; and, if the motorist fails to perform such duty, the last clear chance doctrine applies, even though such other person's negligence continues to the moment of the occurrence of the accident. Jackson v. Cook, 189 La. 860, 181 So. 195; Rottman v. Beverly, 183 La. 947, 165 So. 153; Newton v. Pacillo, La.App. 2d Cir., 1959, 111 So.2d 895.
For the successful invocation of the doctrine, the existence or presence of three essential elements must be established: (1) that the plaintiff was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) that the defendant actually discovered or was in a position where he should have discovered plaintiff's peril; and (3) that, at the time, the defendant could have, with the exercise of reasonable care, avoided the accident. Newton v. Pacillo, supra, and the authorities therein cited.
The doctrine of last clear chance or discovered peril has often been referred to as "a two-edged sword, applicable equally to the rights of a defendant and those of a plaintiff." Bagala v. Kimble, 225 La. 943, 74 So.2d 172; Bergeron v. Department of Highways, 221 La. 595, 60 So.2d 4; Wheat v. Brandt, La.App. 2d Cir., 1952, 61 So.2d 238; 38 Am.Jur. 911, "Negligence," § 227. The facts in this case disclose that it was the rider of the motorbike who had the better *920 opportunity to observe the situation at the intersection and to comprehend and appreciate the danger before it became imminent. By Dean's own admission, if he had properly noted the approaching vehicle, even as he entered the intersection, he could have stopped his slow-moving motorbike within one or two feet after discovering it. From this admission, it is apparent that he possessed the last clear chance to avoid the accident rather than did the driver of the automobile. Dean drove into the intersection without ever discovering the approach of an automobile until it was within a distance of only three or four feet.
From the physical facts, as well as from the testimony of Miss Pitts, it is shown that she applied the brakes on her automobile promptly as Dean entered the intersection. Thus, it is quite apparent that the emergency was of Dean's own making and that his immediate entrance into the path of the automobile deprived the driver thereof of any reasonable opportunity to avoid the accident. Thus, it does not appear that whatever chance, if any, Miss Pitts had to avoid the accident was a clear one, or that the opportunity was such that a reasonably prudent person, placed in like position, could and would have acted with effectiveness. Hebert v. Meibaum, 209 La. 156, 24 So.2d 297; Id., La.App. Orleans, 1944, 19 So.2d 629.
Nor do we find any merit in the contention that plaintiff's minor son preempted the intersection. A pre-emption in every case does not depend upon a mere prior entry into an intersection. The rule has been held to clearly require the interpretation of pre-emption to be the entrance into an intersection with a normal and reasonable opportunity and expectation of clearing such intersection without obstruction to the crossing thereof by other normally operated vehicles. Boudreaux v. Moreau, La.App. Orleans, 1954, 73 So.2d 192 (writs denied); Broughton v. Touchstone, La. App. 2d Cir., 1953, 72 So.2d 552; Harris v. Travelers Indemnity Co. of Hartford, Conn., La.App. 2d Cir., 1954, 70 So.2d 235 (writs denied); Aucoin v. Houston Fire & Casualty Co., La.App. 1st Cir., 1950, 44 So. 2d 127; Butler v. O'Neal, La.App. 2d Cir., 1946, 26 So.2d 753.
The facts of the instant case, as somewhat detailed hereinabove, amply support the conclusion reached by the trial court that young Dean was guilty of negligence in his failure to make proper observation, and on entering the intersection of the preferred street without first having ascertained that he could negotiate the intersection without unduly obstructing the passage of normally moving vehicles. Such negligence, in our opinion, constitutes the sole and proximate cause of the accident.
The judgment appealed should be, and it is, therefore, affirmed at plaintiff-appellant's cost.
Affirmed.