HARDY, Judge.
This is a suit by husband and wife claiming property damages for the benefit of the former and personal injury damages to the wife, together with personal injuries to a minor daughter. Before judgment the minor daughter was married and became a party plaintiff in her own right and name. From a judgment in favor of plaintiff husband in the principal sum of $243.83, in favor of plaintiff wife in the principal sum of $2,500, and in favor of the plaintiff daughter, Mrs. Charlene Harris Powers, in the principal sum of $160 the defendants have appealed.
With one exception there is little dispute as to the pertinent facts. Plaintiff’s pick-up truck, driven by Mrs. Harris, was moving south on what is known as the Bee Bayou Road in Richland Parish, a right-of-way thoroughfare, and defendant Walton’s truck, which he was operating in an easterly direction, entered from what is known as the Old River Road. The intersection is protected by a stop sign for traffic entering same from the Old River Road but, by reason of a dense growth of weeds and brush, the intersection is blind and a view to the north along Bee Bayou Road cannot be obtained until a vehicle has actually entered upon that highway. Walton testified that he saw dust on the Bee Bayou Road, indicating the approach of a vehicle from the north; that he brought his truck to a stop and then entered the intersection, from which point he perceived the Harris truck at a distance of several hundred yards; his motor stalled when his truck was out in the intersection but was immediately re-started and he proceeded to make a left-hand turn, reaching a position of safety on the east side of the Bee Bayou Road headed north. Mrs. Harris testified that she was traveling on her proper right-hand side of the Bee Bayou Road; observed the entrance of the Walton truck into the intersection; noted that the Walton truck stopped, and, there being insufficient room for passage to the rear, pulled her truck to the left in order to clear the stopped vehicle. However, when the Walton truck resumed its movement into the path of her vehicle, she applied her brakes, attempted to turn back to the right-hand or west side of the Bee Bayou Road, skidded in the loose gravel and the truck overturned, causing damage to the vehicle and personal injuries to herself and her daughter, for which recovery is here sought. While there was no actual contact between the vehicles, plaintiffs contend that the overturning of their truck directly and proximately resulted from the negligence of Walton in proceeding into a favored thoroughfare and attempting a left-hand turn in the path of the approaching Harris vehicle.
The defense is based upon the claim of preemption of the intersection and contributory negligence on the part of Mrs. Harris in the careless operation of her truck on a road topped with loose gravel. Additionally, *581 it is urged that the doctrine of last clear chance should be applied as against Mrs. Harris.
The only substantial controversy as to the facts involved relates to the distances separating the vehicles at the time of the various maneuvers above described. We are unable to resolve the conflicting testimony on this point, but, under our appreciation of the factual circumstances, we do not think this factor is controlling.
The record does not justify any conclusion of negligence on the part of Mrs. Harris. Proceeding on a right-of-way road she observed the entrance of a vehicle from a blind intersection and perceived that said vehicle was brought to a stop, whereupon she moved to her left in order to pass in safety. The restarting of the Walton truck from a stopped position unquestionably created an emergency and required Mrs. Harris to make some effort to avoid a collision. Her action in this respect was entirely reasonable and undoubtedly served to avert an actual collision between the vehicles.
On the other hand the conduct of the defendant, Walton, clearly leads to a finding of negligence which was the direct and proximate cause of the accident, consisting of his attempt to complete the dangerous maneuver of a left-hand turn in the face of approaching traffic when he could and should have observed from the change in direction of the Harris vehicle that such an operation could not be completed without the danger of a collision.
The doctrine of preemption, under the facts of the instant case, must fall. If Walton, entering the intersection at a safe distance, had proceeded to make and complete a left-hand turn, it could justifiably be concluded that he had legally preempted the intersection. However, the stalling of his motor which forced his vehicle to a stop at a point when, according to his own testimony, it projected only some seven to nine feet into the intersection, not only had the effect of eliminating what might have been construed as a preemption, but, in addition, reasonably justified the driver of an approaching vehicle, having the right-of-way, in concluding that he would await the passage of such vehicle.
It is also clear that the application of the doctrine of last clear chance is not justified under the facts related. Counsel urges that Mrs. Harris could have brought her vehicle to a stop instead of attempting to turn back to her right. Even conceding the correctness of this observation, it constituted simply an error in judgment as to a choice of means of attempting to avoid the accident.
Plaintiffs filed an answer to the appeal, praying for an increase in the quantum of awards. The return day of the appeal in this case was fixed as May 1, 1961, on which date the transcript was duly filed in this court. The answer to the appeal was filed on June 21st. Under the provisions of LSA-C.C.P. Article 2133 it is required that the answer to an appeal must be filed not later than fifteen days after the return day or the lodging of the record, whichever is later. Failure to comply with this requirement precludes consideration of the relief prayed.
With respect to quantum, it is noted that brief of counsel for appellants makes no objection to the amounts allowed by the district judge. Our examination of the record on this point convinces us that the awards were not excessive.
The judgment appealed from is affirmed at appellant’s cost.