BOLIN, Judge.
From a judgment in plaintiff’s favor in the sum of $997.37 for personal injuries and property damage resulting from an intersectional collision between an automobile owned and operated by plaintiff and a *69 truck owned and driven by George Bramel, defendant has appealed.
The accident giving rise to this litigation occurred about 5:45 p. m., December 30, 1959, on U. S. Highway 171 approximately two and one-half miles south of the City of Shreveport at which point the highway is straight and level. Darkness necessitated the use of lights on both vehicles.
Plaintiff testified he was driving his 1959 Ford south on highway 171 when he observed, about three or four hundred yards away, a large truck without trailer, either stopped or in the process of stopping on an intersecting gravel road to the east. Plaintiff stated he assumed Bramel, defendant driver of the truck, would remain stationary and honor his superior right of way. When plaintiff was an estimated two hundred feet from the intersection he first noticed the truck was entering the highway in front of him and attempting to turn right and proceed south in plaintiff's lane of travel. McDonald immediately applied his brakes. The state trooper investigating the accident testified plaintiff’s car skidded 135 feet before striking the left rear of defendant’s truck and that the collision occurred in plaintiff’s lane of travel and slightly south of the intersection.
Both vehicles were damaged as a result of the collision and both drivers received personal injuries. On the trial below plaintiff established special damages totaling $747.37 and the court awarded $250 additional damages for personal injuries. Plaintiff has not appealed from the judgment and asks only that the judgment be affirmed.
Plaintiff enumerated nine acts of negligence on the part of defendant as allegedly causing the accident, the principal act and the one upon which the lower court predicated its opinion being that of entering the favored highway from an inferior gravel road without having ascertained that such entrance could safely be made. Defendant filed a general denial alleging his freedom from negligence and further reconvened alleging that the accident was caused entirely by the negligence of plaintiff in proceeding at an excessive speed, in failing to maintain a proper look-out; and in failing to accord the right of way to a motor vehicle to his right which had “already pre-empted the intersection”, and prayed for judgment against plaintiff for property damages and personal injuries. Defendant also filed an alternative plea of contributory negligence.
As is usual in such cases the evidence is somewhat conflicting; nevertheless we have concluded the lower court was correct in holding the accident was caused solely by the negligence of the defendant in entering a main highway from an inferior side road when such maneuver could not be made in safety.
There is no dispute that traffic proceeding on Highway 171 has the right of way and, in fact, defendant testified he saw and stopped at the stop sign on the shoulder of the gravel road at the entrance to the main highway. The law is well-settled that a driver of a motor vehicle on the street or highway which has the right of way is entitled to proceed toward and into the intersection upon the assumption that the inferior traffic will respect his superior right, unless he should reasonably realize in time to avoid the accident that the inferior traffic will continue into the superior street in disregard of the right of way. Youngblood v. Robison (1960), 239 La. 338, 118 So.2d 431; Henderson v. Central Mutual Insurance Company et al. (1959), 238 La. 250, 115 So.2d 339; Noonan v. London Guarantee and Accident Company, Ltd. (La.App. 2 Cir., 1961), 128 So.2d 918.
Appellant contends plaintiff having seen the truck approximately three or four hundred yards before it entered the intersection was negligent in not taking some precautionary measures to avoid the accident, such as slowing down or getting into *70 the left lane in order to go around the truck. This contention has no merit for several reasons. First, the testimony reflects that there was oncoming traffic approaching the intersection from the opposite direction from plaintiff and that the highway is a two lane highway with no room to pass in the face of oncoming traffic. Additionally, the jurisprudence of this state does not require a motorist on a right of way street to indulge in the assumption that a vehicle will be driven from an inferior street into his path.
Defendant further contends that plaintiff’s excessive speed caused him to forfeit any rights he enjoyed because his vehicle was on a superior highway. The evidence does not substantiate this contention. Plaintiff testified he was driving about 60 m. p. h., the speed limit for cars on that particular highway, and the fact that he skidded only 135 feet prior to colliding with Bramel's truck tends to corroborate his testimony.
Defendant also strenuously contends he had pre-empted the intersection prior to entrance of plaintiff’s vehicle which rendered McDonald liable. With this contention we cannot agree. To the contrary, the right of pre-emption is not accorded a motorist simply because he enters the favored street first, but additionally such entrance must be made by him with a reasonable opportunity and expectation of getting safely into his own lane of traffic without obstructing same for approaching vehicles on the right of way thoroughfare. Bramel either failed to see or misjudged the distance of plaintiff’s vehicle when he entered a favored highway in the face of oncoming traffic. He now attempts to absolve himself of liability because he got there first. Under these circumstances he can find no comfort in our jurisprudence on pre-emption. See Johnson v. Southern Bell Telephone & Telegraph Company et al. (La.App. 1 Cir. 1958), 106 So.2d 22; Grayson v. Serio (La.App. 2 Cir. 1959), 111 So.2d 139; Evans v. Walker (La.App. 2 Cir. 1959), 111 So.2d 885; Faucheaux v. Landry (La.App. 1 Cir. 1961), 136 So.2d 484.
Defendant has not contended the award was excessive and plaintiff has neither appealed nor answered the appeal which precludes any necessity of deciding whether same was inadequate.
For the reasons assigned, the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.