CULPEPPER, Judge.
The plaintiff, Evelton LeBlanc, sues for damages for personal injuries to his minor daughter, Bonita Gail LeBlanc. The child was riding a bicycle on a sidewalk in the city of Lake Charles when she collided, in a private drive, with a pickup truck being driven by Mrs. Barbara Trahan and insured by the defendant, Aetna Casualty & Surety Company. From an adverse judgment plaintiff appeals.
The principal issue is whether the humanitarian doctrine of last clear chance is applicable.
The facts show that at about 7:50 p. m., after dark, Bonita LeBlanc, then 13 years of age, had been sent by her mother to find two younger children and tell them to come home to supper. Riding her bicycle on the sidewalk, Bonita found the two boys and called them but, instead of returning, they raced on around the block with Bonita following at a rapid pace. As she neared the scene of the accident, Bonita was going west on the sidewalk along the south side of 12th Street, approaching a driveway into the home of the parents of the defendant, Mrs. Trahan.
At about this same time Mrs. Trahan was driving east on 12th Street toward her parents home. She either stopped, or came almost to a stop, and changed to first gear as she entered the driveway. She glanced to the left but did not see Bonita approaching on the sidewalk. Three round, trimmed bushes, each about 3 feet high and 2 or 3 feet apart, located between the sidewalk and the street in front of the premises, partially obscured her vision. A street light located about 90 feet east of the driveway gave some light, but a rather large tree in the front yard of the premises caused shadows from this light. As the trial judge stated, “ * * * it was dark enough at the time to make it difficult to see a person on the sidewalk.” Mrs. Trahan admitted quite frankly that if she had known the-child was approaching on the sidewalk and had stopped her truck and looked intently,, instead of simply glancing to her left as she-turned into the driveway, she could have-seen the child.
Neither Mrs. Trahan nor Bonita saw-each other until immediately before the-accident. Mrs. Trahan testified she thought her front wheels had reached the sidewalk when she first saw Bonita to her left, turning up the driveway in an effort to avoid the truck. Bonita testified that she was. watching the boys, who were about 150 feet ahead of her, and didn’t see the lights-of the truck turning into the driveway,, until she reached the last of the three bushes-which, according to pictures in evidence,, was only about 3 feet from the driveway;, she tried to cut to the left, but the left front fender or bumper of the truck struck the right front portion of the bicycle-There is some dispute as to the exact point of impact but it must have been very near the south edge of the sidewalk. After the-accident Bonita was found 4 or 5 feet south of the sidewalk and in the east side of the-driveway. She lay in front of the truck which had stopped before running over her.
The Code of the City of Lake-Charles prohibits the riding of a bicycle on the sidewalk at any time and also prohibits riding a bicycle anywhere within the corporate limits, after dark, without a white-light. The lower court correctly found that Bonita’s violation of this safety ordinance was negligence, causally related to the accident. This negligence bars plaintiff’s recovery unless plaintiff has proved that Mrs. Trahan had the last clear chance to avoid the accident. As stated briefly in Ballard v. Piehler, 98 So.2d 273 (1st Cir.App. 1957) the essential elements of this doctrine are:
“ * * * first, that the plaintiff be in a position of peril from which he is unaware or unable to extricate himself, *155 ■second, that the defendant be in a position where he should have or actually did discover the plaintiff’s peril and, three, that at such time the defendant ■could have with the exercise of reasonable care, avoided the accident. All three of these elements must be present before the doctrine can be applied.”
The jurisprudence is established that where the application of last clear -chance involves close calculations of speed, ■distance and time the courts should he wary in extending this doctrine. Bergeron v. Department of Highways, 221 La. 595, 60 So.2d 4. Thus, in the present matter the burden is on plaintiff to show clearly that the doctrine applies.
The first question is whether Mrs. Trahan ■should have seen the child in a position of peril at a time when she could have avoided the accident. Despite Mrs. Trahan’s testimony that, if she had known the child was approaching on the sidewalk, and had stopped her truck and looked intently, she could have seen the child, the district judge con■cluded the evidence was insufficient to show that Mrs. Trahan, acting as an ordinary reasonable person under the circumstances, ■should have seen the child in time to avoid “the accident. Certainly Mrs. Trahan was not required to anticipate that there was a bicycle being driven at a very rapid pace ■on the sidewalk at night without any lights, in violation of a city ordinance. The bicycle must have been some distance away when Mrs. Trahan slowed almost to a stop ■and turned toward the drive. As she entered the driveway itself, the angle was such that ■she could not see the child through the ■spaces between the three bushes. Mrs. Trahan said she did glance to her left but that, because of the dimness of the light from the street light about 100 feet away, and because of the three bushes which partially obscured her vision of the child {only the upper portion of the child’s body was visible over the bushes) and the presence of shadows from trees in the front yard of the premises, she did not see the child.
Counsel have not cited, nor has the court been able to find, any cases exactly in point. But, counsel for the defendant has cited, with persuasiveness, the jurisprudence that the operator of a vehicle on a highway at night is absolved from negligence in failing to see an unusual or unexpected and semi-visible obstruction in the highway. See Gaiennie v. Cooperative Produce Co., 196 La. 417, 199 So. 377; Puissegur v. Louque, La.App., 113 So.2d 795; Peats v. Martin, La.App., 133 So.2d 920; Moore v. State, La.App., 136 So.2d 751; Lynch v. Fisher, La.App., 41 So.2d 692. The theory of these cases is that although the motorist possibly could have seen the object, if he had known in advance that it was there and had been particularly looking for it, nevertheless the motorist will not be found negligent for failing to observe such an unusual, unexpected and barely observable object. We think this theory is applicable to the present case.
It is our conclusion plaintiff has not sustained his burden of showing clearly that Mrs. Trahan should have discovered the child’s peril in time to avoid the accident.
However, even if we were to assume for the sake of argument that Mrs. Trahan should have seen the child sooner, plaintiff’s recovery must be denied under the holding in Bergeron v. Department of Highways, supra, as follows:
“The rule of ‘the last clear chance’ or ‘discovered peril’ applies to both parties who are involved in an accident. In 38 Am.Jur. Negligence, Sec. 227, that thought is expressed as follows: ‘As graphically stated by some authorities, the doctrine of discovered peril is a two-edged sword, applicable equally to the rights of a defendant and those of a plaintiff.’ Under the facts of this case it was the bicycle rider who had the better opportunity to observe the situation and apprehend the danger before it became imminent. His opportunity came as late, if not later than that of the truck driver, to avoid the accident; *156 he had the last clear chance and is not in a position to invoke its provisions against the defendants.”
Thus, in the present case, if Mrs. Trahan, as she turned into the driveway, could and should have seen the child in the dim light over the tops of the bushes, then necessarily Bonita, a child 13 years of age and legally capable of contributory negligence (Lawrence v. Core, La.App, 132 So.2d 82), could and should have seen the truck entering the driveway, in time to stop or turn aside and avoid the accident. As the trial judge pointed out, “ * * * if Barbara Trahan could have seen the child on the sidewalk at that time, the child certainly could have seen the truck or its lights as they made this arc.”
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.