186 So.2d 383 (1966)
J. D. BURNETT et ux.
v.
Forest M. MARCHAND et al.
No. 6661.
Court of Appeal of Louisiana, First Circuit.
May 9, 1966.
*385 Edward T. Diaz, of Diaz & Erny, Golden Meadow, for appellants.
James H. Drury, of Drury & Lozes, Bienvenu & Culver, New Orleans, for appellees.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
Plaintiffs, J. D. Burnett and Mrs. Annette T. Burnett, husband and wife, instituted this action seeking recompense for personal injuries and related special damages sustained and incurred in an accident wherein Mrs. Burnett, a pedestrian, was struck by a motor vehicle operated by defendant, Forest M. Marchand, and owned by Marchand's employer, William Clifford Smith, doing business as T. Baker Smith & Son. After trial on the merits, the lower court rejected plaintiffs' demands against the hereinafter named defendants. Plaintiffs have appealed.
Made defendants in the present action are Marchand, William Clifford Smith, T. Baker Smith & Sons and T. Smith & Son, Inc., it being alleged Marchand was acting within the course and scope of his employment by one or more of said other respondents at the time of the accident. Predicated upon an affidavit averring that T. Smith & Son, Inc. was not the owner of the vehicle being driven by Marchand and that Marchand was never employed by the mover, a motion by T. Baker Smith & Son, Inc. for summary judgment was granted dismissing plaintiffs' demands against said defendant. It being shown the trial court that defendant T. Baker Smith died July 1, 1962, more than one year prior to the accident, plaintiffs' suit against said decedent was dismissed with prejudice.
The remaining defendants answered denying any negligence on Marchand's part and alternatively pleading the contributory negligence of Mrs. Burnett. In addition defendants Marchand and William Clifford Smith filed third party demands against plaintiff J. D. Burnett and his liability insurer, New Hampshire Insurance Company of Manchester, alternatively suggesting that if neither Mrs. Burnett's contributory negligence nor Mr. Burnett's own negligence was the sole cause of the accident, then Burnett negligently contributed to the accident as a co-tortfeasor. Plaintiffs filed both answers and exceptions to the aforesaid third party demands.
No judgment was rendered as to the third party demand and said third party defendants correctly point out that this phase of the case remains within the jurisdiction of the trial court pursuant to the recent pronouncement of the Supreme Court in McCoy v. Pacific Coast Fire Insurance Co., 248 La. 389, 178 So.2d 761.
The accident in question occurred August 15, 1963, in the City of Houma, on East Park Avenue, which is a three lane roadway paved thirty feet from curb to curb and runs in an easterly-westerly direction. The accident happened opposite the drive leading to the Ellender Clinic situated on the north side of East Park Avenue. Immediately to the south of East Park Avenue *386 is a bayou. The southernmost lane of East Park Avenue (next to the bayou) is dedicated to the metered parking of motor vehicles. The center lane of the street is devoted to use by east bound vehicles while the northernmost lane is reserved for motorists proceeding westerly. Located on the south side of East Park Avenue, and running southeasterly therefrom and across the aforementioned bayou, is Church Street which forms a T intersection with East Park Avenue. The aforementioned entrance to Ellender Clinic is 25 feet in width, its east and west parallels being situated 37 feet 5 inches and 62 feet 5 inches, respectively, west of the west parallel of Church Street.
At the time of the accident plaintiffs were enroute to the Ellender Clinic where Mrs. Burnett intended to undergo a periodic diabetic check up. Mr. Burnett, driving the family automobile, proceeded easterly along East Park Avenue in the middle or eastbound lane and upon arriving at the clinic noted all parking spaces to his right were occupied and also that there were no vacancies in the Ellender Clinic parking lot to his left on the north side of the street. Observing the situation noted, Mr. Burnett stopped his car in the eastbound traffic lane with the rear thereof slightly west of the center of the driveway entrance to the clinic. Mrs. Burnett then got out of the automobile on its right side and walked westerly to the rear of the vehicle. In the meantime, James Waguespack, who had been following the Burnett automobile in his red Volkswagen, stopped his said vehicle in the center or eastbound traffic lane approximately 20 feet to the rear of plaintiff's car. Waguespack signalled Mrs. Burnett that he would "hold" traffic behind him to enable her to cross the street whereupon Mrs. Burnett reputedly looked in both directions and proceeded to traverse the westbound or northernmost traffic lane to enter the grounds of the clinic. Upon noting defendant's vehicle approaching from the east, Mrs. Burnett unsuccessfully attempted to accelerate her rate of progress. When she reached a point approximately 3½ feet south of the north curb of East Park Avenue she was struck lightly by the right front fender of Marchand's automobile which at the moment of impact had virtually come to a complete stop.
The gist of appellants' specification of errors is that the trial court erred in finding Mrs. Burnett guilty of any negligence whatsoever and, alternatively, in declining to hold defendant liable under the doctrine of last clear chance. Our careful consideration of the trial court's excellently stated written reasons for judgment appearing in the record, indicates that our learned brother below rejected appellants' demands upon finding that defendant Marchand was free of negligence; Mrs. Burnett was guilty of negligence proximately causing the accident, and that the doctrine of last clear chance was inapplicable under the circumstances shown.
Able counsel for appellees maintains we are limited to a consideration of the applicability of the doctrine of last clear chance in determining the instant appeal because plaintiffs, by invoking the rule of last clear chance, concede the negligence of Mrs. Burnett and may not escape the consequences of such admission unless the principle of last clear chance is found to be pertinent. In support of this contention counsel for appellees cites and relies upon Dean v. Pitts, La.App., 133 So.2d 917 and Accardo v. Grain Dealers Mutual Insurance Co., La.App., 151 So.2d 116. We note that in the Accardo case, supra, it was practically conceded in oral argument that plaintiff's sole hope of recovery was predicated upon applicability of the doctrine of last clear chance. In Dean v. Pitts, supra, the court initially found defendant was free of the asserted primary negligence (operation of a vehicle at an excessive rate of speed) before proceeding to a consideration of plaintiff's alternative plea of last clear chance. The effect of the ruling in Dean v. Pitts, supra, was that when plaintiff's sole remaining claim is predicated upon last clear chance, plaintiff's negligence *387 is not an issue as it must, under such circumstances, be admitted.
The principle of last clear chance is an exception to the general rule which denies recovery to a contributorily negligent plaintiff. If the petitioner is free of negligence, there is no reason to apply the doctrine of last clear chance. As an exception to our general procedural rule requiring express pleading of special pleas, last clear chance need not be specifically pleaded, inasmuch as our procedure admits of no replication to defendant's answer. Consequently, unless last clear chance is initially plead as the sole predicate for recovery, or unless in subsequent representation to the court, orally or in brief, it is conceded to be the sole basis of plaintiff's claim, the principle of last clear chance cannot be deemed to preclude or foreclose consideration of defendant's guilt or innocence of negligence proximately causing the accident. Rather it is plaintiff's negligence which must first be established before applicability of the last clear chance rule becomes an issue.
In the matter before us appellants' specification of error seems to ascribe no fault to the trial judge's finding that defendant was free of primary negligence proximately causing the accident. Nevertheless, a substantial portion of appellants' brief addresses itself to a discussion of defendant's alleged violation of the duty to maintain a constant lookout ahead, and asserts said reputed remission to be a proximate cause of the accident.
The evidence of record is uncontroverted to the effect defendant Marchand was proceeding at a speed of 25 miles per hour (the lawful limit within the City of Houma). It further appears that when he reached the Church Street intersection he looked to his left to observe for any traffic which might be attempting to enter Church Street from the south by crossing the bridge across the bayou. Upon resuming forward observation he detected plaintiff start across the street from behind a green vehicle (the Burnett automobile) and into his lane of travel. He immediately applied his brakes full force but in vain because his vehicle struck plaintiff a light blow but sufficient to cause her to fall against the north curb of the street.
Mr. Burnett's testimony is to the effect that he stopped in the eastbound lane to permit his wife to alight from the car. After noting her progress to the rear of the car and observing through his rear view mirror the sign from Waguespack that the latter would "hold" overtaking traffic, he started to drive slowly forward. When he arrived at about the intersection of Church Street he heard the brakes of the Marchand vehicle "squeal" and looking again in his rear view mirror saw Mrs. Burnett being struck by defendant's automobile.
Mrs. Burnett's testimony is substantially that she alighted from her husband's vehicle on the right side, walked to the rear of the car and was signalled by Waguespack to proceed across the street. She looked first to her left (westerly) then to her right and observing no vehicle in sight proceeded to cross the westbound lane. When she reached a point midway defendant's lane of travel she for the first time observed defendant approaching at what she considered a fast rate of speed. She attempted to run to safety on the north side of the street but was struck just as she was about to set foot upon the curb.
James Waguespack, who stopped his vehicle approximately 15-20 feet behind that of plaintiff, deposed that he did not see defendant's oncoming vehicle until it was "right on" plaintiff. He stated the view of the Burnett vehicle ahead prevented his sooner detecting the presence of defendant's automobile.
The evidence establishes that defendant's vehicle stopped at the point of impact and left only 27.5 feet of skidmarks. It is further shown the point of impact occurred approximately 3½ feet south of the north curb of East Park Avenue in the west half of the Ellender Clinic driveway. Our *388 learned brother below concluded that since Marchand was able to stop leaving only 27.5 feet of skidmarks he could not have been traveling at a speed in excess of 25 miles per hour. In this conclusion we concur inasmuch as figures quoted in the Stopping Distance Chart contained in Am.Jur.(2d) Desk Book, Doc. No. 174, show that a vehicle traveling at 20 miles per hour will leave 21 feet of skid marks and at 30 miles per hour will stop after laying down skid marks 46 feet in length.
Appellant's chief complaint appears to be that defendant Marchand was negligent in directing his attention down Church Street instead of looking ahead as he should. In this regard counsel for appellants cites numerous authorities which expound the well established rule that the operator of a motor vehicle has a duty of maintaining a constant lookout ahead. With the general rule cited we are in complete accord, but we are not aware of any authority to the effect that observance of the rule requires a motorist to refrain from directing his attention to reasonably anticipatable dangers which may emanate from sources other than the roadway ahead. Assuming, arguendo, a motorist is not as a matter of law required to glance down the intersection of an inferior street, we do not adopt counsel's suggestion he is negligent for so doing. A motorist must keep a vigilant lookout for anything which is in or near his path of travel. Maher v. New Orleans Linen Supply Co., La.App., 41 So.2d 101. Nothing in the record indicates defendant Marchand diverted his attention down Church Street longer than was necessary to determine whether or not a vehicle was approaching the intersection. His action in so doing is no more than would be done by an ordinarily prudent driver under similar circumstances. Under the circumstances shown we do not deem his momentary checking for traffic on an intersecting inferior street constituted negligence. Nor do we find the attending circumstances justify the conclusion Marchand should have seen Mrs. Burnett sooner than he did.
Learned counsel for appellants argues that the operator of a motor vehicle is held to have seen that which he could or should have seen by the exercise of reasonable care. The rule cited, admittedly pertinent in all cases, is likewise applicable to pedestrians who are charged with the duty of observing approaching traffic when attempting to cross a street or roadway. Owens v. Tisdale, La.App., 153 So. 564; Zachery v. Southern Farm Bureau Casualty Ins. Co., La.App., 116 So.2d 847; Taylor v. Kendall, La.App., 162 So.2d 156; Newton v. Cousin, La.App., 182 So.2d 685.
The only remaining principle on which appellants may possibly prevail is that of last clear chance for which purpose Mrs. Burnett's negligence need not be discussed inasmuch as it must be deemed admitted.
It is now well established in our jurisprudence that to recover under the last clear chance doctrine, plaintiff must establish the following prerequisites: (1) That the plaintiff was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) That the defendant actually discovered or could have, by the exercise of ordinary and reasonable care, discovered plaintiff's peril, and (3) That the defendant, at the time, could have, with the exercise of ordinary prudence, avoided the accident. Gisclair v. Security Insurance Company, La.App., 171 So.2d 483; LeBlanc v. Aetna Casualty & Surety Co., La.App., 162 So.2d 153; Accardo v. Grain Dealers Mutual Insurance Co., La.App., 151 So.2d 116.
The first two elements essential to application of the doctrine of last clear chance appear established by the evidence. It is clear that plaintiff was in a position of peril of which she was initially unaware and when she did realize her predicament she was unable to extricate herself therefrom. It also appears defendant discovered appellant's peril, as he should have, when she stepped into the westbound lane of travel. However, we agree with our esteemed *389 brother below that defendant could not have avoided the accident.
Counsel for appellants maintains that the fact that the impact was slight indicates that if Marchand had stopped just short of where his vehicle came to a halt, or had he swerved to the left, the accident could have been avoided. The District Court concluded that Marchand, in the brief interval between his detecting plaintiff's unexpected presence and bringing his vehicle to a complete stop, did everything reasonably to be expected of an ordinarily prudent driver. We agree with the conclusion noted and also find that Marchand's reaction was immediate to the sudden emergency and that he did `everything within his power to stop his automobile.
Viewing the attending circumstances retrospectively in calm contemplation, there would appear to be merit in appellants' contention that Marchand could have avoided the accident by swerving to his left into the eastbound lane. The success of such a maneuver would depend upon his awareness of such possibility and his correctly anticipating that the Waguespack vehicle would remain stationary and not proceed forward after Mrs. Burnett cleared Waguespack's lane of travel. Our courts have long established the rule that a motorist confronted with a sudden emergency not of his own making, is not liable for an error in judgment as to choice of means of attempting to avoid an accident. So long as he acts prudently and takes such evasive action as is to be expected of an ordinarily reasonable driver, he is not considered negligent. Tyler v. Marquette Casualty Company, La.App., 79 So.2d 376; Grayson v. Serio, La.App., 111 So.2d 139; Harris v. Walton, 134 So.2d 579.
We find the trial court has correctly disposed of all issues raised by plaintiffs herein. The judgment is affirmed at appellants' cost.
Affirmed.