REGAN, Judge.
The plaintiff, William Abroms, obtained a default judgment on a promisory note against the defendant, R. Richard Davis, Jr., afterwhich Abroms filed a garnishment against the defendant, Encyclopedia Britannica, Inc., Davis’ employer, endeavoring to collect the sum of $999.00 representing the indebtedness of Davis on the note.
Personal service of the garnishment was made on Walter O. Smith, District Manager of Encyclopedia Britannica, Inc., in New Orleans. N. M. Diaz appeared as the attorney purportedly representing Encyclopedia Britannica, Inc., and a judgment was rendered against the garnishee. Subsequently, Encyclopedia Britannica sought an annulment of the judgment predicated upon the hypothesis that it had not been properly served and therefore the court lacked jurisdiction rationae personae. Abroms, however, contended that Encyclopedia Britannica, Inc., had waived the declinatory exceptions of insufficiency of citation, insufficiency of service of process and lack of jurisdiction rationae personae because of the general appearance made by it through its agents, Diaz and Smith.
From a judgment declaring the nullity of the judgment against the garnishee, the plaintiff has prosecuted this appeal.
The record discloses that R. Richard Davis, Jr., is indebted to the plaintiff, William Abroms, the holder in due course of a promisory note executed by Davis for the sum of $1000.00 plus 6% interest from May 1, 1964, until paid. Abroms obtained the default judgment against Davis on September 3, 1964, and issued the supplemental petition of garnishment and fieri facias to Encyclopedia Britannica Inc., on October 6, 1964, which was served personally on W. O. Smith, the district manager. Smith testified that Davis was a salesman for Encyclopedia Britannica Inc., and that he received payment on a commission basis from the home office in Chicago, Illinois. He stated that it is routine procedure for him to notify the executive office in Chicago immediately after receipt of any garnishments on his employees so that deductions may be made for payment of the debt. However, he emphasized that this procedure was not followed *873 in the case of Davis because Roos, Abroms’ attorney, advised Smith to disregard the papers served on him since Davis had agreed to make weekly payments on account of the debt. Davis was subsequently paid by the Chicago office, and he has since left the employment of Encyclopedia Britannica, Inc., and availed himself of the Federal Bankruptcy Act. No funds are in the possession of Encyclopedia Britannica, Inc., which are the property of Davis.
Davis did not liquidate his indebtedness according to his agreement with Roos, and service was made on Smith for Encyclopedia Britannica, Inc., to show cause why it should not be liable for the debt. N. M. Diaz, an attorney engaged by Smith to represent the corporation, did appear purportedly representing it, and Smith appeared as a witness and testified on the Corporation’s behalf. The Corporation’s registered agent for service of process, C. T. Corporation System, was never served.
It is conceded by both litigants that service of citation was improper since it failed to comply with the Code of Civil Procedure Article 1261, which reads:
“Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
“If the corporation has failed to designate an agent for service of process, or if there is no registered agent by reason of death, resignation, or removal, service of the citation or other process may be made at any place where the business of the corporation is regularly conducted either:
“(1) By personal service on any officer, director, or resident agent named in the articles of incorporation or in the last report previously filed with the secretary of state, or
“(2) By personal service on any employee of suitable age and discretion.”
It is contended by Abroms, however, that jurisdiction was obtained over Encyclopedia Britannica, Inc., despite the improper service because of its waiver of its objections to insufficiency of citation and service of process and lack of jurisdiction rationae personae by its general appearance through its agents, Diaz and Smith.[1]
*874 If the appearance of Diaz and Smith were with the authorization of Encyclopedia Britannica, Inc., Abroms’ contention would possess some merit. However, the garnishee points out that there was no such waiver since Diaz and Smith were without authority to make any general appearance for the corporation. In support of this contention, the depositions of Arthur L. Sikking, the company’s senior vice-president, and Harry J. Joy, its secretary and general counsel, were both introduced into evidence.[2]
Their depositions were to the effect that only a registered agent for service of process maintained in all states in which the corporation does business is authorized to accept service in such state and that it is well established that the sole authority and responsibility for all legal matters including that of retaining counsel is vested in the office of the general counsel and the legal department of Encyclopedia Britannica Inc., in Chicago, Illinois. They insisted that these policies were in effect and fully known at the time service was made on Smith and that the home office had no knowledge or notice whatsoever of the filing oj the purported service of the summons and garnishment or any process whatsoever in this case prior to November 26, 1964, three days after the general appearance of Diaz and Smith.
Harry Joy denied that any legal counsel had been engaged to represent Encyclopedia Britannica, Inc., herein other than the firm of Hartel & Kenny of New Orleans, Louisiana, which represents the corporation in the suit for annulment of the judgment. He also denied the employment of Diaz by the corporation and denied that Smith possessed any specific, implied or apparent authority to engage counsel or represent Encyclopedia Britannica, Inc., in the garnishment proceedings in view of the established policy of the corporation. Smith’s sole authority in the matter was to immediately, forward the process and citation served upon him to the legal department in Chicago, Illinois, for disposition thereof.
No evidence was introduced by Abroms to contradict these depositions and the trial court found as its answer to a question of fact that Diaz and Smith were without authority to act for Encyclopedia Britannica, Inc., and that no general appearance was made by anyone authorized to represent this corporation which would amount to a general appearance and therefore operate as a waiver of the objections to the insufficiency of service of process and citation and lack of jurisdiction rationae personae.
In view of the facts disclosed by this record together with an analysis of the applicable articles of the Code of Civil Procedure, we are unable to conclude that the trial court erred in refusing to find merit in the plaintiff’s contentions. Except in instances of manifest error, a trial court’s factual determination and evaluation of conflicting evidence should not be disturbed on the review thereof by an appellate court.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.

. La.C.C.P. Art. 925.
La.C.C.P. Art. 6. “Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon :
“(1) The service of process on the defendant, or on his agent for the service of process;
“(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or
“(3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.”
La.C.C.P. Art. 7. “Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
“(1) Entry or removal of the name of an attorney as counsel of record;
“(2) Extension of time within which to plead;
“(3) Security for costs;
“(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
“(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
“This article does not apply to an incompetent defendant who attempts to appear personally, or to an absent or incompetent defendant who appears through the attorney at law appointed by the court to represent him.
“When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory exception therewith, or the filing of the peremptory exception or an answer therewith when required by law, does not. constitute a general appearance.”

. Contrary to Counsel’s contention, the depositions were introduced into evidence by virtue of a judgment signed on September 17, 1965.