205 So.2d 91 (1967)
Daisey GLATT
v.
Margaret HINTON and the United Company Fire & Casualty Company.
No. 2753.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 1967.
Rehearing Denied January 9, 1968.
Writ Refused February 19, 1968.
*92 Stringer & Manning, New Orleans, Philippi P. St. Pee, Harahan, for plaintiff-appellee.
Sehrt, Boyle & Wheeler, Edward J. Boyle, Jr., New Orleans, for defendants-appellants.
Before YARRUT, SAMUEL and CHASEZ, JJ.
SAMUEL, Judge.
Plaintiff, a 64 year old pedestrian, instituted this suit for personal injuries resulting from an accident involving an automobile. Defendants are the driver of the automobile and her liability insurer. Their answer denies negligence on the part of the driver and alternatively avers contributory negligence on the part of plaintiff.
*93 The record discloses the following undisputed facts: The accident occurred during a steady or heavy rain, which did not materially affect visibility, in the early afternoon of September 16, 1965 on Washington Avenue at or near its intersection with South Genois Street in the City of New Orleans. Washington is a paved, ordinarily heavily trafficked four-lane avenue with two lanes on each side of a neutral ground reserved for traffic traveling in opposite directions. There is a pedestrian bridge crossing an open canal on the east side of Washington at South Genois. The defendant automobile was proceeding at a speed of approximately 20 miles per hour in a northerly direction towards South Carrollton Avenue in the lane nearer the neutral ground. Plaintiff, who was walking under an open umbrella, crossed the pedestrian bridge. She intended to traverse the two northbound lanes of Washington to catch a southbound bus on the opposite side of that avenue. Upon reaching the Washington Avenue end of the bridge she stopped and looked to her left for approaching traffic (she testified she saw none). Thereafter she did not look in that direction again and she failed to see the defendant car at any time. Holding the umbrella over her head because of the rain, she stepped from the curb at the end of the bridge to a grassy area approximately 12 feet in width, walked to the street curbing and started to walk across Washington Avenue. The impact occurred just as plaintiff entered the neutral ground lane after she had crossed the lane nearer the canal. She walked into the right side of the automobile near the rear of the front fender. The vehicle came to a full stop within a few feet after the impact. The traffic lane nearer the canal, the one`which plaintiff successfully crossed, was 17 feet 9 inches in width. Between 160 and 180 feet south of the point of impact a railroad crosses the avenue on a slight crest in the street. From that crest to the point of impact, and for some distance south of the crest and north of the point of impact, the avenue runs in a straight line.
After trial there was judgment in favor of plaintiff and against defendants in the total amount of $2,928.49, $2,500 for pain and suffering and $428.49 for medical expenses. Defendants have appealed seeking a reversal on the question of liability or, alternatively, a reduction in the award. Relying principally on the doctrine of last clear chance, plaintiff has answered the appeal seeking an increase in the award.
We are of the opinion that the question of negligence on the part of both plaintiff and the defendant driver requires little discussion. Pedestrians, as well as motorists, are charged with the responsibility of seeing what they could or should have seen in the exercise of due care. Naquin v. Callais, La.App., 191 So.2d 885; Burnett v. Marchand, La.App., 186 So.2d 383; Newton v. Cousin, La.App., 182 So.2d 685.
The driver testified: as she approached the point of impact there was a small car traveling to her right which she suggested prevented her from seeing plaintiff earlier; she did not see plaintiff until the moment before the impact; and at that time she immediately turned left as far as possible and applied her brakes. However, the trial court found the driver's view was sufficiently unobstructed so that, by the exercise of reasonable care, she could and should have seen plaintiff in ample time to avoid the accident. We agree with that finding and hold that because of her inattention and her failure to keep a proper lookout the driver was guilty of negligence.
Since there was obvious reason for plaintiff to anticipate approaching traffic when she began to walk across Washington Avenue, the exercise of due care on her part included being on the lookout for such vehicles. Quite clearly, in looking to her left for approaching traffic on only one occasion, when she reached the Washington *94 Avenue end of the pedestrian bridge, and thereafter in not observing and in making no attempt to observe approaching traffic while she walked under her umbrella approximately 12 feet to the Washington Avenue curb and approximately 18 feet across the traffic lane nearer the canal and into the side of the defendant car in the neutral ground lane, she was guilty of contributory negligence which, in the absence of an application of the doctrine of last clear chance, precludes any recovery by her.
Our settled jurisprudence is that before the doctrine of last clear chance can be invoked the litigant relying thereon has the burden of establishing by a clear preponderance of the evidence: (1) he was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) the person against whom the doctrine is invoked actually discovered or, by the exercise of reasonable care, caution and observation, should have discovered such position of peril; and (3) when the person against whom the doctrine is invoked discovered or should have discovered the peril he could have avoided the accident by the exercise of reasonable care. Naquin v. Callais, supra; Burnett v. Marchand, supra; Newton v. Cousin, supra; Scott v. Glazer, La.App., 164 So.2d 185.
In the instant case we find as a fact that the driver, even though she could have made such an observation much sooner and negligently failed to do so, actually did not see the plaintiff until a moment before the impact when it was too late for her to avoid the accident. As she was able to bring her car to a full stop within a few feet of the point of impact, the three necessary elements of the doctrine of last clear chance appear to be present. But there is another rule which must be considered.
The rule to which we refer is that the last clear chance doctrine is inapplicable where the defendant, who is under a duty to discover the danger to the plaintiff, did not actually discover that danger and plaintiff was physically able to escape from his peril at any time up to the moment of impact. To express the rule in another way, the doctrine does not apply if the defendant, because of his negligence, has failed to discover plaintiff's peril in time to avoid the accident but to the time of the impact plaintiff also had an opportunity to save himself and failed to do so because of his own negligence or continued negligence; where both have had an equal opportunity to avoid the accident and neither did so because each failed to timely discover the other, neither may recover. Under these circumstances both are at fault for failure to see the other and neither has had a last clear chance. If a plaintiff, who could have avoided the accident by seeing what he should have seen, may recover in spite of his own continuing negligence simply because the defendant also could have avoided the accident by seeing what he should have seen, and both are injured or damaged, logically it would follow that both had the last clear chance and a recovery could depend upon which injured or damaged party first brought suit. Kraft v. U. Koen & Company, La.App., 188 So.2d 203; Davidson v. American Drug Stores, 175 So. 157, 162; 38 Am.Jur., Negligence, § 224; Prosser Torts 3rd Ed. HB pp. 441, 442.
Here it is clear that, although she did not actually discover plaintiff's peril in time to avoid the accident, the defendant driver could and should have done so. But it is equally clear that, except for her own continued negligence in failing to keep a proper lookout and in failing to observe the approaching vehicle, plaintiff could and should have discovered her danger and herself avoided the accident up to the time the impact occurred. In view of the fact that plaintiff actually walked into the traffic lane in which the defendant automobile was traveling and into the side of that automobile, if she had seen the car as she walked across Washington Avenue she could *95 have avoided the accident simply by stopping at any time prior to impact. Under these circumstances we are of the opinion that the doctrine of last clear chance is inapplicable and plaintiff's contributory negligence prevents her from recovering.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendants, Margaret Hinton and The United Company Fire & Casualty Company, and against the plaintiff, Daisey Glatt, dismissing said plaintiff's suit; all costs in both courts to be paid by plaintiff-appellee.
Reversed.