PRICE, Judge.
These two tort actions, which were consolidated for the purpose of trial, arose from an intersectional collision just outside the corporate limits of the City of Monroe. The issues to be resolved are primarily factual in nature and involve the relationship of the doctrine of last clear chance or discovered peril to a statutory accorded right-of-way.
John Smith, Jr. was driving an automobile which belonged to his son, Lamart Smith, easterly on Hadley Avenue on July 28, 1967. He had just turned left from U. S. Highway 165 by-pass and was approaching the intersection of Hadley Street and a service road running parallel to the by-pass route. James W. Griffin was driving north on the service road at about this same time in a truck owned by his employer, Gordon Foods. The two vehicles collided in the intersection of Hadley Street and the service road, causing property damage and personal injuries to John Smith, Jr.
In Suit No. 11,037 John Smith, Jr. sued defendant, James W. Griffin, and his employer’s insurer, Globe Indemnity Company, for personal injuries and medical expenses. In Suit No. 11,038 Lamart Smith sued the same defendants for damages to his automobile. Defendants in this suit, James W. Griffin and Globe Indemnity Company, filed a third party action against John Smith, Jr., driver of the car belonging to Lamart Smith, alleging, alternatively, that should James W. Griffin be found guilty of any negligence which contributed to the accident, John Smith, Jr. was a joint tort feasor, and, therefore, liable for one-half of any judgment rendered in favor of Lamart Smith.
After trial on the merits the district court, in rejecting the demands of the plaintiff in each suit, concluded that the accident happened solely from the negli *703 gence of John Smith, Jr. in failing to accord the right-of-way at an unmarked intersection to the vehicle approaching from his right. From these judgments plaintiffs have prosecuted these appeals, alleging the district judge was in error in not applying the doctrine of last clear chance or discovered peril and in failing to find that plaintiff, John Smith, Jr., had preempted the intersection.
It is also urged that the district court should have at least found defendant, James W. Griffin, guilty of negligence which contributed to the accident so that the owner of the Smith vehicle could have recovered for property damage.
The evidence revealed that Hadley Street ran generally east and west and that the service road in question ran north and south. No stop signs affected either street at their intersection.
The testimony of the defendant Griffin was substantially as follows. He was traveling north on the service road at an approximate speed of 45 to 50 miles per hour. As he approached the intersection of Hadley Street he saw the Smith vehicle approaching from his left and presumably slowing to stop. Assuming that Smith was according him the right-of-way, he proceeded into the intersection, but Smith pulled into the intersection in front of him. He applied his brakes but was unable to stop his vehicle before it struck the Smith automobile.
The plaintiff, John Smith, Jr., testified that he turned left off the U. S. Highway 165 by-pass onto Hadley Street. He stated he was traveling at a speed of approximately ten miles per hour as he proceeded easterly to the intersection with the service road that parallels the by-pass route. He further testified that he did not stop at the intersection before entering same. When asked why he did not stop, his answer was as follows:
“Well the peoples coming from that way was using that service road always stopped and I just figured he was going to stop.”
Plaintiffs offered the testimony of a witness, Roosevelt Jackson, who testified he observed the accident while standing two blocks away. This witness was offered to prove excessive speed on the part of defendant and to establish that John Smith, Jr. had preempted the intersection. His testimony was so contradictory and illogical that the district judge found it not to be credible. We think he was correct in so finding. Plaintiff further offered the testimony of the officer who investigated the accident. His testimony established that the Griffin vehicle laid down skidmarks of 60 feet and that the point of impact was in the center of the service road. From the testimony we have determined there were no erected signs designating a speed zone on the service road in the vicinity of this intersection.
The accident happened outside the corporate limits of the City of Monroe, therefore, the speed limit on the service road on which Griffin was traveling would be controlled by LSA-R.S. 32:61. By the provisions of this statute the speed limit was 60 miles per hour.
The defendant, Griffin, was driving within the legal speed limit, and there were no unusual conditions existing at the time which would have required a lesser speed than 45 miles per hour. The Griffin vehicle entered the intersection on the street to the right of that from which the Smith vehicle entered and was, therefore, accorded the right-of-way under LSA-R.S. 32:121, Subsection B, which reads as follows :
“B. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.”
John Smith, Jr. gave every indication that he would accord the right-of-way by slowing his vehicle. By his own testimony *704 he admitted he saw the Griffin truck but assumed the truck would stop, as he thought vehicles on the service road always stopped for those proceeding on Hadley Street. There was no basis for his assumption as it was in direct conflict with the rules of the road as provided in the Highway Regulatory Act.
In Glatt v. Hinton, La.App., 205 So.2d 91 (4th Cir., 1967), the Court pointed out that to invoke the doctrine of discovered peril or last clear chance, the plaintiff must establish by a preponderance of the evidence the following circumstances:
“(1) he was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) the person against whom the doctrine is invoked actually discovered or, by the exercise of reasonable care, caution and observation, should have discovered such position of peril; (3) and when the person against whom the doctrine is invoked discovered or should have discovered the peril he could have avoided the accident by the exercise of reasonable care.”
We find no applicability of the foregoing principle to the facts of this case. Plaintiffs have not proven that Griffin should have known that the Smith vehicle was proceeding into the intersection, as Griffin had a right to assume that John Smith, Jr. would comply with the law and accord him the right-of-way. Nor did the manner of Smith’s approach to the intersection indicate he would proceed into same without stopping. There is also lack of proof that Griffin could have stopped upon discovering the entry of the Smith vehicle into his path. The presence of skidmarks made by his vehicle indicate he applied his brakes at a point at least 60 feet from the intersection.
We find no merit in plaintiffs’ contention that John Smith, Jr. had preempted the intersection. In order to preempt an intersection, a motorist approaching from a non-favored street or highway must enter the intersection under circumstances from which he may reasonably believe he can clear the intersection in safety before the favored driver reaches same.
For the foregoing reasons we are of the opinion that the district court was correct in finding that the accident involved herein was caused solely by the negligence of the plaintiff, John Smith, Jr.
It is, therefore, ordered that the judgments appealed from in both cases are affirmed at appellants’ cost.