YARRUT, Judge.
Plaintiff has appealed a judgment dismissing his suit for damages resulting from a pedestrian-automobile accident that occurred at 10:30 p.m. on March 17, 1966. As Plaintiff attempted to walk across Franklin Avenue, he was struck by an automobile driven by Defendant’s minor son, Nicholas DiGerolamo.
The accident happened near the intersection of North Galvez Street. At this point Franklin is a boulevard divided by a neutral ground. Traffic on one side of the neutral ground moves in a northerly or lakeward direction, while that on the opposite side moves southward or toward the river. Both roadways have three traffic lanes, one for parked cars and two for moving traffic. The width of the roadway in which Plaintiff was hit measures 34 feet-from curb to curb, according to a police report. At the intersection of Franklin and Galvez a semaphore light regulates the traffic.
Minutes before the accident Plaintiff, in a highly intoxicated condition, was walking eastward on Galvez Street. He successfully crossed the southbound lanes of Franklin Avenue to the neutral ground. When he reached the other side of the neutral ground bordering the northbound roadway, he stopped and waited near a flourescent street light standard. At this time the traffic signal was green to Franklin Avenue traffic, and red to Galvez Street traffic. Without warning, Plaintiff walked against the traffic light into the path of the oncoming DiGerolamo car, which was proceeding lakeward in the lane nearest the neutral ground. Defendant-driver was endeavoring to stop his car when the right front fender struck Plaintiff. Plaintiff fell over the right headlight onto the hood of the car, was carried forward by the momentum, and finally thrown into the right lane of moving traffic, or the middle lane *120 of the roadway. The car stopped approximately 44 feet past the intersection of Gal-vez. In stopping it made 35 feet of skid marks, but the record fails to indicate where the skid marks begin or end.
Plaintiff’s sobriety at the time the accident occurred was disputed in the lower court, but now the litigants all agree he was intoxicated. Having conceded this fact, Appellant now resorts to the last clear chance doctrine to obviate his own negligence as a bar to his recovery.
The question before us is this: Did young DiGerolamo breach a duty of care owed to Plaintiff in failing to observe his position of peril in sufficient time to avoid striking him?
Plaintiff argues the physical evidence establishes Plaintiff’s danger should have been observed by DiGerolamo in time to avoid hitting him. He urges these propositions :
1. Plaintiff, crossing the street from left to right, was hit by the right front fender of the DiGerolamo car. In the amount of time consumed between Plaintiff’s stepping from the neutral ground and walking to the point of impact, the automobile had travelled a distance that would have afforded a prudent driver time to prevent the accident had he been proceeding at a legal rate of speed.
2. Mathematical computations of time, speed and distance establish Plaintiff left the curb at a point in time when the Defendant car, properly driven, should not have struck him. Further, Plaintiff contends the computations destroy the credibility of the defense witnesses, leaving unexplained the reason young DiGerolamo hit Plaintiff.
Considering the first proposition urged by Appellant we observe, at the outset, that under the circumstances before us we cannot assume Defendant had sufficient time to prevent the accident simply because Plaintiff was struck by the right front of the automobile. Appellant has submitted several cases as authority for the proposition that, if the injured pedestrian crossed the path of the car before being hit, our courts found the driver negligent under the last clear chance doctrine. The cases are distinguishable. In Waagen v. Indiana Lumbermens Mutual Insurance Co., La.App., 136 So.2d 831, a pedestrian was struck when he had walked more than 26 feet from the curbing into the roadway. The driver swerved too late to the right and struck plaintiff with his left front headlight. Plaintiff was crossing from left to right. As we understand this decision the doctrine of last clear chance was applied, not because of the physical damage to the car, but because the defendant honestly had admitted his attention had been diverted from the roadway by the quarrel-ling of his children in the back seat of the car.
Moore v. Nola Cabs, La.App., 70 So.2d 404, involved a pedestrian-taxicab accident, where the pedestrian was struck by the left front of the taxicab. That case is distinguishable because: (1) the motorist had some warning that the plaintiff might cross the street since he approached and was moving from the left hand side of the street into the street, and his actions could have been observed by the taxicab driver; and (2), when the defendant-driver applied his brakes, he skidded diagonally from the right lane, in which he was driving, into the left lane where he struck the plaintiff. We find nothing in the opinion to indicate damage to the left front fender was a persuasive factor in finding the driver was negligent.
Appellant relies heavily on the case of Jones v. American Mut. Liability Ins. Co., La-App., 189 So. 169, wherein the court rejected a plea of last clear chance, and exonerated the driver of an automobile who struck a drunken pedestrian. In that opinion, the court did stress the fact that a pedestrian was hit by the left front fender of a car as he stepped from the neutral ground. This does not have the effect of holding that, once a pedestrian almost *121 crosses the path of an oncoming automobile before being struck, the driver becomes automatically liable under the doctrine of last chance. The driver in the Jones case defended on the ground that, without warning, the pedestrian stepped into his path. The court stated the fact that he was struck by the left headlight of a car, travelling three feet from the neutral ground, corroborated his testimony.
Thus, we conclude that the physical damage to the right headlight does not justify our finding, as a fact, that Plaintiff stepped from his position of safety when the DiGerolamo vehicle was still far enough away to allow its driver time to miss him.
The other proposition upon which Appellant relies is that the defense’s explanation of the accident is mathematically impossible. He argues that not only does application of basic computations of time, speed and distance refute all defense testimony, but also affirmatively establishes Defendant should have seen Plaintiff stepping into the street in sufficient time to avoid the accident.
At this point we will briefly summarize the credible eyewitness testimony. We discount Plaintiff’s testimony for two reasons: (1) he was too intoxicated at the time to know what went on; and (2), even if he were aware enough to witness and recount facts, the record leaves his credibility in serious doubt. His testimony is hopelessly in conflict with his deposition taken some time prior to the trial.
Young DiGerolamo testified he and his “date” were driving northward on Franklin Avenue immediately before the accident. At the time they were returning from a high school band concert where no alcoholic beverages were served. The driver said when he was approximately one block away from the intersection of North Gal-vez, he noticed the traffic signal for Franklin Avenue traffic was green. At the same time he also saw Plaintiff standing on the neutral ground immediately past the intersection; and that he reduced his speed somewhat as he approached Galvez to allow himself time to stop if the signal should change from “green” to “red” before he could cross the intersection. It did not change, and when his front bumper was approximately in the middle of the Galvez Street intersection Plaintiff, without warning, stepped off the curb into the path of his oncoming car. Even though he promptly applied his brakes, he was unable to stop in time to avoid hitting Plaintiff. The driver estimated the distance, between the middle of the intersection to the point where Plaintiff had been standing, at between five and six feet. He estimated the distance between the point of impact and the point where he stopped at about ten or twelve feet.
His companion recounted first seeing the pedestrian when the DiGerolamo car was one-half block away from the Galvez intersection. She said he was merely standing on the neutral ground, not looking to his right. When the front bumper of the car was almost completely over the intersection, his companion said Plaintiff at that point “jumped in front of the car”. She confirmed that her escort had crossed on a green light, travelling in the neutral ground lane, and estimated the car moved five or six feet after the point of impact before it stopped.
The deposition by interrogatories of Kathleen Ann Alford was introduced in evidence. She testified that Plaintiff was intoxicated and walked against the traffic signal but, from the standpoint of contributing any facts to determine whether the doctrine of last clear chance is applicable, it has little probative value.
Appellant insists that both the driver and his passenger tell impossible stories, and skillfully points out factual conclusions of the Trial Judge not supported by the evidence. Counsel has called to our attention discrepancies between the driver’s testimony and his statement to the police immediately after the accident.
*122 Young DiGerolamo testified his speed was 20 miles per hour when he crossed the Galvez intersection. He told the police he had been travelling 30 miles per hour. The speed limit is 35 miles per hour. Even if we accepted the statement DiGerolamo gave the police, this would not change the result because he would have been driving within the legal speed limit. Thus there is nothing in the record to support a finding that excessive speed was a proximate cause of Plaintiff’s injuries.
The driver also said he stopped about 12 feet after hitting Plaintiff. With approximately 35 feet of skid marks, this too is inaccurate. It is apparent that DiGerolamo was not able to estimate distance. To illustrate, the driver said Plaintiff stepped off the curbing when the front bumper of his car was in the middle of the Galvez intersection. He estimated the distance between his bumper and the pedestrian’s path at between five and six feet. In this he was obviously mistaken. The distance between the center of Galvez to the curbing must be at least 10 feet wide. If additional footage is added for the distance between the Galvez curbing to the path of the pedestrian, it is obvious that DiGerolamo’s estimate is less than half the actual distance. Thus, when he said his car moved 12 feet before stopping after the impact, we do not think he was trying to be devious, but was being consistent in his inability to estimate distance.
The mathematical equations submitted by Plaintiff have no validity. Even if all the values were accurately fixed, mathematical computations to determine negligence or absence thereof would be a poor.yardstick. In the instant case, there is no evidence to establish with any degree of accuracy measurements upon which computations can be based. The distance between the neutral ground and the point of impact is less than one lane wide. We compute this as somewhere between eight and ten feet. The Trial Court found, as a fact, Plaintiff was halfway across the street when he was hit. In this he is obviously mistaken because the roadway is 34 feet wide and accommodates three traffic lanes. Another measurement missing is the distance between the lake side of the Galvez intersection and the point of impact. Another important fact susceptible of proof, but not submitted, was the exact location of the skid marks.
While it is possible to determine negligence through physical evidence alone in some cases, the physical facts herein do not warrant our concluding Defendant-driver was negligent. We accept the un-contradicted accounts of the accident given by DiGerolamo and his companion which clearly establish Plaintiff stepped into the path of the Defendant-vehicle when the driver could no nothing to avert his injury. We cannot presume that, because Plaintiff was intoxicated, his intoxication should have been known to the approaching driver. All witnesses testified he stood in the neutral ground area not looking toward the approaching traffic but looking straight ahead. We think it was reasonable for the driver to assume the Plaintiff had observed what was obvious, i.e., a traffic signal that cautioned him to wait before crossing. It is not only the motorist who is charged with a duty to keep a proper lookout, but pedestrians as well. We recently observed in Glatt v. Hinton, La.App., 205 So.2d 91, at p. 93:
“* * * Pedestrians, as well as motorists, are charged with the responsibility of seeing what they could or should have seen in the exercise of due care.* * *”
As the court observed in the Jones case, cited supra, a motorist is not a mind reader and is not expected to anticipate a pedestrian will walk against a traffic light.
Thus, we conclude the evidence establishes the accident occurred through the sole negligence of Plaintiff, which precludes his right to recover damages.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.