WILLIAMS, Judge.
This is an action for wrongful death arising out of an automobile accident which occurred on May 20, 1967, when the deceased, Ellis John Wilkins, age 47, was struck and fatally injured by a car driven by Kenneth Earl Johnston. This action was brought by the wife of the deceased Lucy Moore Wilkins and his mother, Vin-nie Jackson. Made defendants were Johnston and his insurer, Traders and General Insurance Company. The claim of Vinnie Jackson was dismissed on an exception of no cause of action. After trial, judgment *791 was rendered in defendant’s favor and plaintiff has appealed.
Defendants assert that Johnston was not negligent and, in the alternative, that the deceased was guilty of contributory negligence.
This accident occurred about 7:40 P.M. during daylight. Johnston was driving south on Hamilton Lane in Bossier City, Louisiana. At the point of the accident Hamilton Lane is a two lane street with a posted speed limit of 20 miles per hour. The deceased attempted to cross Hamilton Lane from a position in front of a cafe on the east side of the street. He stepped from behind a northbound vehicle directly into the path of defendant’s automobile. At the time of the accident there were two passengers in defendant’s car, one of whom testified that he saw the decedent when the car was about one and one-half car lengths from him. Defendant testified that he applied his brakes as soon as he saw decedent but that the impact and the application of his brakes were almost simultaneous.
In a well reasoned opinion the trial judge concluded that defendant was exceeding the speed limit when the accident occurred, traveling at a speed of 50 miles per hour or more as evidenced by the 150 feet of skid marks left by defendant’s car, and was negligent in this respect. The court further found that the deceased was contributorily negligent in attempting to cross the street in a place not marked as a pedestrian crosswalk in the face of oncoming traffic. The court also found that the record clearly indicated that deceased was intoxicated, and based on official reports at the time of his death, the percent by weight of alcohol in his blood was 0.165.
On the basis of the above findings, the court concluded that defendant was negligent but recovery was barred by the contributory negligence of the deceased. The court further concluded that the doctrine of last clear chance was inapplicable to the instant facts, relying on Glatt v. Hinton, 205 So.2d 91 (La.App. 4th Cir. 1967). The court stated that the deceased may have been in a position of peril of which he was unaware but concluded that plaintiff had not shown that defendant had discovered or should have discovered the peril by the exercise of reasonable care or that, if the peril had been discovered, that the accident could have been avoided.
After a careful review of the record, our views are in accord with the conclusions of the trial court. Accordingly, we affirm the judgment of the trial court rejecting plaintiff’s demands. Costs are taxed to plaintiff-appellant.
Affirmed.