SAMUEL, Judge.
This is a suit for personal injuries and other damages allegedly sustained when plaintiff, a pedestrian, was struck by an automobile. The two defendants, the driver of the car and her automobile liability insurer, answered denying negligence on her part and alternatively pleading contributory negligence on the part of plaintiff. After trial there was judgment in favor of defendants, dismissing plaintiff’s suit. Plaintiff has appealed.
The accident occurred at approximately 5:15 p.m. on November 3, 1967 at or near the intersection of South Claiborne and Washington Avenues in the City of New Orleans. Generally, South Claiborne runs in a downtown-uptown (east-west) direction, while Washington runs from the lake to the river (north-south direction). The intersection was controlled by the usual electric traffic signals. At the time of the accident it was raining heavily and, due to approaching darkness and the existing weather conditions, was sufficiently dark so as to make the use of headlights desirable. Following the accident plaintiff was driven to a doctor by the defendant driver.
Only four witnesses testified regarding the manner in which the accident happened. Two, the plaintiff and her friend *342 of many years, Mrs. Coretha Lee, were called by the plaintiff. The other two witnesses, the defendant driver and her husband, testified for the defendants.
The two plaintiff witnesses substantially testified as follows: Both were passengers in an automobile being operated by Mrs. Lee’s husband who was driving them from their place of employment to a grocery located on the lake-downtown corner of the intersection of South Claiborne and Washington. Mrs. Lee occupied the front seat next to her husband and plaintiff occupied the rear seat. Proceeding on Washington towards the river, the driver intended to park in a shopping center area directly across Washington from the grocery; but he was unable to do so. Instead he stopped at the intersection for a red light, his car being the first so stopped, and his two passengers alighted, first Mrs. Lee and then plaintiff.
Mrs. Lee stated she hurriedly alighted, opened her umbrella, proceeded to the front of her husband’s car, and then ran across Washington, holding the open umbrella over her head to protect her from the rain and intending to enter the grocery through a side door located on Washington approximately 25 to 30 feet from South Claiborne. After she had crossed Washington and was near the side door, she heard a noise and on turning saw plaintiff lying on Washington between the side door and the corner and near the downtown or east curb. Having paid no attention to plaintiff’s movements, she did not see the accident happen and did not see plaintiff from the time she, Mrs. Lee, alighted from the car.
Plaintiff testified that when the car in which she was a passenger stopped for the red light she got out on the right side of the vehicle and crossed Washington in front of the car. She did carry an umbrella, but had not opened it, and she did not see the defendant automobile until after it had struck her.
The testimony of the defendant driver and her husband was substantially as follows : He was sitting in the front seat next to his wife who was driving. They were on South Claiborne traveling in an uptown direction with their car lights on. Upon reaching the Washington intersection they stopped in obedience to a red light and proceeded to turn right into Washington when the light turned green in their favor. They intended to turn left into the shopping area parking lot and stopped a short distance from the intersection for that purpose. However, they were unable to enter the parking lot because traffic, which was stopped on the uptown side of Washington by the red light at the intersection, blocked the entrance to the lot. At that time both saw the two women (plaintiff and Mrs. Lee) standing between two of the stopped cars" on the opposite side of Washington. One of the women (Mrs. Lee) then ran across Washington. The other (plaintiff) started to run across, then changed her mind and moved back between the two stopped vehicles. Just as the defendant driver started her car forward plaintiff, holding an umbrella over her head, suddenly ran across the street in front of the moving automobile. The defendant driver’s husband yelled and the driver immediately applied her brakes; but she was unable to avoid the accident. Plaintiff was struck by the right front fender of the vehicle when she was about 3 or 4 car lengths from the corner. The defendant driver also testified that while in the doctor’s office plaintiff had told her that just before the accident she had obtained some medicine from a drug store in the shopping center and had proceeded from the drug store towards the grocery. Both witnesses testified plaintiff had a bottle of medicine from that drug store when the accident happened.
The Motor Vehicles and Traffic Ordinance, City of New Orleans, particularly Section 38-176 and 179 thereof, were introduced in evidence. They provide «* * * no pedestrian shall suddenly *343 leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield.” and a pedestrian “ * * * crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.” Independent of these ordinances it is generally true that a motorist has the right to assume a pedestrian will not dart into a roadway or street from a place of safety into the path of a moving vehicle[1] and that drivers of motor vehicles on city streets are not required to anticipate the presence of pedestrians between intersections while pedestrians in such a situation have reason to expect vehicles at those points.[2]
Thus, in the instant case the crucial factual question is whether plaintiff attempted to cross Washington to the Front of the Lee automobile, i. e., in the proper crosswalk area, as she testified, or attempted to cross some distance from the corner at a point not within the crosswalk, as the two defense witnesses testified. In this connection we note that the driver of the car in which plaintiff was a passenger was not called as a witness. His wife testified he had not seen the accident. But his testimony relative to the question of whether plaintiff crossed in front of his car while he was stopped for the red light was vitally important.
The trial judge accepted the testimony of the defense witnesses. He found plaintiff had run from a safe position, between stopped vehicles approximately 45 feet from the corner, in front of the moving defendant car during a heavy rain and concluded that, if the defendant driver had been guilty of any negligence at all, plaintiff’s contributory negligence would preclude her from recovering.
No rule of our jurisprudence is more firmly established than that on questions of fact involving the credibility of witnesses the trial judge who heard and saw those witnesses will be reversed only for manifest error. Inabinet v. State Farm Mutual Automobile Ins. Co., La.App., 234 So.2d 827; Naquin v. Van Court, La.App., 222 So.2d 601; Bailaron v. Roth, La.App., 221 So.2d 297; Calvert Fire Insurance Company v. Barlow, La.App., 215 So.2d 392; Karisny v. Sunshine Biscuits, Inc., La.App., 215 So.2d 201; Abroms v. Davis, La.App., 203 So.2d 871.
We find no such error here. To the contrary, we are unable to find any error at all.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Rowe v. Hardware Dealers Mutual Fire Ins. Co., La.App., 208 So.2d 409; Glatt v. Hinton, La.App., 205 So.2d 91; Pitre v. Thibodeaux, La.App., 200 So.2d 360.

. St. Amant v. Travelers Insurance Company, La.App., 233 So.2d 23; Glatt v. Hinton, supra; Burnett v. Marchand, La. App., 186 So.2d 383.