BOLIN, Judge.
Robert Dixon was struck by a vehicle driven by Charles E. Jones and insured by Aetna Casualty and Surety Company. From a judgment rejecting Dixon’s demands against defendants for alleged damages resulting from the accident, he appeals. We affirm the ruling of the lower court.
Immediately following the conclusion of the trial the judge dictated his findings and conclusions into the record. For this reason we shall not burden this opinion with a detailed statement of the facts.
Just prior to the accident Dixon had been cutting grass from property located in the northwest quadrangle of the intersection of Oak Crest and Sandra streets in Shreveport, Louisiana. Oak Crest runs generally east and west and Sandra runs north and south. While performing the yard work Dixon had parked his pickup truck on Oak Crest headed west, near the right curb of the street. He carried a lawn edger from the lot to his truck in order to oil the edger from a small oil can which he kept in the truck. He walked to the south or left side of the truck, obtained the can and oiled the edger. While walking away from the truck, Dixon was struck by the Jones vehicle which was approaching from the east. The point of impact *475 was to the left of the parked truck and in the passing or overtaking lane of travel.
The trial judge found Jones was driving at a reasonable rate of speed and keeping a proper lookout; that the accident was caused solely by the negligence of Dixon in oiling his edging machine in the street and walking into the path of the oncoming Jones vehicle. We agree with these findings.
Appellant alternatively seeks recovery under the doctrine of last clear chance. Under the facts as found by the lower court, and concurred in by this court, this doctrine is inapplicable. In order to invoke the doctrine of last clear chance or discovered peril, plaintiff must prove by a preponderance of evidence the existence of three basic factors:
(1) He was in a position of peril of which he was unaware or from which he was unable to extricate himself.
(2) Defendant was in the position to discover plaintiff’s peril upon the exercise of reasonable care, caution and observation.
(3) Finally, plaintiff must establish that when defendant discovered plaintiffs peril, defendant was possessed of a reasonable opportunity to avoid the accident.
Gauthreaux v. Edrington (La.App. 1st Cir. 1969), 220 So.2d 138, and cases cited therein.
Assuming plaintiff has met the first requirement, we find the evidence fails to show defendant could have observed plaintiff’s peril at a time when he had a reasonable opportunity to avoid the accident. The trial judge found Dixon was in no peril until he stepped from his position of safety near the truck into the path of the Jones vehicle, at which time the accident was unavoidable.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.