ELLIS, Judge.
This is a suit by Mrs. Joyce Marie Allen, individually and as tutrix of her minor children, for the wrongful death of her husband, James D. Allen, who was killed when struck by a truck owned by The Hertz Corporation and operated by Eric B. Joseph. Defendants are Joseph, Hertz, and Royal Indemnity Company, liability insurer of the vehicle. After trial on the merits, judgment was rendered in favor of defendants, dismissing plaintiff’s suit at her cost, and she has appealed.
The accident happened on U. S. Highway 190, a four lane divided highway, which runs in an east-west direction, at its intersection with Mulatto Bend Road in West Baton Rouge Parish. The time was about 8:30 p. m., and it was dark. Mr. Joseph was driving his truck in an easterly direction, in the outside eastbound lane, at a speed of 45 or 50 miles an hour. He testified that as he approached the intersection, he saw a dark object silhouetted by the lights of the oncoming automobiles. He was unable to identify it, but suspected it to be a delineator on the neutral ground at the intersection. At that time, he took his foot off the accelerator.
Mr. Joseph testified that when he was about 100 feet from the point of the accident, he suddenly saw the decedent, who was a black man wearing dark clothes, crossing the road from north to south at a slow jog trot. He immediately applied his brakes,'and cut to his left in an effort to avoid striking the decedent. However, he went into a skid, and struck the decedent with the right front of the truck at a point two or three feet north of the south edge of the highway. There were 26 feet of skid marks leading up to the point of impact, and 100 feet of skid marks from there until the truck came to rest.
We have no difficulty in concluding that the decedent was negligent in going out onto a heavily traveled highway at night without first ascertaining that it was safe to do so. However, plaintiff claims the benefit of the doctrine of last clear chance, the law pertaining to which is set forth in Glatt v. Hinton, 205 So.2d 91 (La.App. 4 Cir. 1967), as follows:
“Our settled jurisprudence is that before the doctrine of last clear chance can be invoked the litigant relying thereon has the burden of establishing by a clear preponderance of the evidence: (1) he was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) the person against whom the doctrine is invoked actually discovered or, by the exercise of reasonable care, caution and observation, should have discovered such position of peril; and (3) when the person against whom the doctrine is invoked discovered or should have discovered the peril he could have avoided the accident by the exercise of reasonable care.”
It is plaintiff’s position that Mr. Joseph should have discovered the presence of the decedent in the highway sooner than he *789 did, and, had he done so, could have avoided the accident. The trial judge concluded that the doctrine of last clear chance was inapplicable because there was no reason to believe that the decedent was unaware of his position of peril or that he was unable to extricate himself therefrom. In so ruling, he said:
“I am of the opinion the decedent was guilty of gross contributory negligence in walking across this dangerous highway, at night, without first ascertaining it was safe for him to do so. He was further negligent in failing to extricate himself from a perilous position after discovering this peril, or if he failed to discover the danger, he should have done so as defendant’s speed was not so excessive as to preclude decedent from prudently and reasonably taking measures to save his life.”
He further found that, considering the physical circumstances, Mr. Joseph could not have seen the decedent any sooner than he did, and that there was no negligence on his part. We are inclined to agree with this finding as well, but even if Mr. Joseph was negligent, we think that the decedent’s continuing negligence prevents recovery herein. As the court said in the Glatt case, supra:
“If a plaintiff, who could have avoided the accident by seeing what he should have seen, may recover in spite of his own continuing negligence simply because the defendant also could have avoided the accident by seeing what he should have seen, and both are injured or damaged, logically it would follow that both had the last clear chance and a recovery could depend upon which injured or damaged party first brought suit.”
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
Affirmed.