BOUTALL, Judge.
This is an appeal from a judgment in favor of defendants, Dr. Julio Figueroa and Maryland Casualty Company, and dismissing plaintiff Leo Bazile’s suit for personal injury damages at his cost.
On January 16, 1969, at approximately 7:30 P.M., plaintiff was injured while attempting to cross on foot the lake or northbound lanes of Causeway Boulevard, at the bottom of the down ramp of the Causeway Boulevard Overpass over U.S. Highway 90. Plaintiff was traveling on U.S. Highway 90 when he had a flat tire and pulled into the American Oil Station at the west side of the intersection of Causeway Boulevard and U.S. Highway 90. While the flat tire was being repaired, he decided to take two posters or signs, measuring approximately 3 feet square, to Pearl’s Lounge, which was on the east side of Causeway Boulevard.
In order to get to Pearl’s Lounge, plaintiff walked north on the Kenner side of the Causeway Boulevard overpass over U.S. Highway 90. He then crossed the service road and attempted to cross Causeway Boulevard at the foot of the overpass, where the accident happened.
“There is substantial conflict in the record between the two versions of the accident given by the plaintiff and the defendant. Essentially, plaintiff’s version is that while crossing from the Ken-ner side of Causeway Boulevard at the foot of the overpass, he trotted across the roadway and somehow stumbled or slipped on the raised divider in the road, causing him to fall to his knees, and that while attempting to get up he was struck by the right front of Dr. Figueroa’s automobile. Defendant testified that as he was descending the lake bound lanes of the Causeway Boulevard overpass, he observed a sudden flash of light to the left of his car and looked in his outside rear view mirror and observed the plaintiff run into the left rear door of his automobile.”
As a result of the accident the plaintiff suffered a broken right jaw and lacerations of the face, right shoulder, right hip and buttocks, right leg and knee, right elbow, and back.
The trial court found the plaintiff to be guilty of negligence which was either a primary or contributing cause of the accident. The court also found that the plaintiff failed to prove a case against the defendant under the doctrine of last clear chance. We are in agreement with the trial court in both respects.
The plaintiff was attempting to trot across a heavily travelled highway in a drizzling rain at a place that was not a pedestrian crosswalk, and where there was nothing to indicate to the driver of a car that pedestrians might be crossing there. The record shows also that in addition to the wet condition, the area was quite dark due to lack of street lighting at the time of the accident.
The fact that plaintiff attempted to trot across the highway under the aforementioned circumstances at a place that was not a pedestrian crosswalk does not necessarily constitute negligence of itself, but the fact that he failed to wait until the way was reasonably clear is negligence on his part. His tripping on the lane divider is merely a result which can reasonably be anticipated when crossing a highway under the conditions prevailing on the night of the accident in question.
*839 LSA-R.S. 32:213 states in part as follows :
“§ 213. Crossing at other than cross walks A. Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection shall yield the right of way to all vehicles upon the roadway.”
In Powell v. Johnson, 248 So.2d 341 (La.App. 4th Cir., 1971) this Court stated the following:
“ * * * [I]t is generally true that a motorist has the right to assume a pedestrian will not dart into a roadway or street from a place of safety into the path of a moving vehicle and that drivers of motor vehicles on city streets are not required to anticipate the presence of pedestrians between intersections while pedestrians in such a situation have reason to expect vehicles at those points, * * *.»
Also, in St. Amant v. Travelers Insurance Company, 233 So.2d 23, (La.App. 4th Cir., 1970) this court stated the following:
“(2, 3) Under our jurisprudence a pedestrian is charged with the duty of observing approaching traffic on attempting to cross a street or roadway. Burnett v. Marchand, La.App., 186 So.2d 383; Wall v. Great American Indemnity Co., La.App., 46 So.2d 655. It is also well established that a motorist may rely on the assumption that a pedestrian will not endanger himself by darting into the roadway or street into the path of moving vehicles. Sorrell v. Allstate Insurance Company, La.App., 179 So.2d 499, as well as Sales v. Guillory, La.App., 188 So.2d 429."
Plaintiff has argued that in the event he is found to be negligent, the defendant is also negligent, thereby allowing the doctrine of last clear chance to be applied. In order for us to apply the doctrine of last clear chance the plaintiff must prove clearly that three elements exist:
“ * * * (1) Plaintiff must be in a position of peril of which he is unaware, or from which he is unable to extricate himself; (2) the plaintiff must show that defendant actually discovered, or should have discovered, the plaintiff’s peril; (3) at the time that defendant actually discovered or should have discovered plaintiff’s peril, defendant must have a reasonable opportunity to avoid the accident.”
See Dixon v. Aetna Casualty Company et al., 256 So.2d 474, (La.App. 2nd Cir., 1972); Daigre v. Schneider, 255 So.2d 206, (La.App. 1st Cir., 1971); Gauthreaux v. Edrington, 220 So.2d 138, (La.App. 1st Cir., 1969); Sorrell v. Allstate Insurance Company, 179 So.2d 499, (La.App., 3rd Cir., 1965).
As previously mentioned, defendant contends that the plaintiff actually struck the left side of his automobile at the rear door. On the other hand, plaintiff’s testimony is to the effect that the defendant’s car was approximately 50 feet away when plaintiff was stumbling on the highway and saw it coming. Even if the court relies on the plaintiff’s testimony as opposed to that of the defendant, we cannot see how the defendant could have had a reasonable opportunity to avoid the accident. It was dark and drizzling, the defendant was traveling down hill, and the defendant was under no duty to anticipate that a pedestrian would dart into the street. Plaintiff’s testimony is to the effect that he waited for a southbound automobile to pass and immediately upon its passing he trotted across the southbound lane, tripped over the lane divider, and fell onto the northbound lane. This would give a northbound motorist, such as defendant, less time to see the plaintiff, as he was momentarily shielded from vision by the southbound automobile. We are in agreement with the plaintiff that a motorist at all times has a never-ending duty to keep a proper lookout. In the present situation however, we feel that the defendant had no reasonable opportunity to avoid contact with the *840 plaintiff at the time that he actually discovered or should have discovered the plaintiff’s peril.
Since we have concluded that the defendant was in no position to avoid the accident in question, and was not negligent in any other respect, the doctrine of last clear chance is not applicable herein. St. Amant v. Travelers Insurance Company, supra.
For the reasons above the judgment of the district court is affirmed at appellant’s cost.
Affirmed.