GULOTTA, Judge.
Plaintiff, a motorcycle driver, appeals from a judgment dismissing his suit for damages and injuries sustained as a result *843 of a collision with an automobile at the intersection of S. Rocheblave Street and Napoleon Avenue on August 7, 1971, at approximately 12:00 noon. The day was clear and the street was dry.
Defendant, Alfred J. Zeller, was driving his automobile in an easterly direction on S. Rocheblave Street. He stopped at the intersection of S. Rocheblave and Napoleon Avenue,[1] and observed three motorcycles, traveling abreast of each other on Napoleon Avenue and going in the direction of the river (southerly). According to Zeller, the motorcycles were approaching from his left, at an approximate speed of 30 or 35 miles per hour, and a distance of slightly more than one block, when he started to cross Napoleon Avenue. Zeller stated that as he was crossing the intersection, the motorcycles increased their speed when they reached the middle of the block. Upon reaching the middle of the traffic lane closest to the neutral ground, the left rear panel and left rear wheel of the Zeller automobile were struck by the Stewart motorcycle. The two remaining motorcycle drivers, traveling to the right of plaintiff, successfully passed behind the Zeller automobile and were not involved in the accident.
Plaintiff complains that the trial judge erred in concluding that he was contributo-rily negligent by traveling at an excessive rate of speed and in not concluding defendant had the last clear chance to avoid the accident. We do not agree. Accordingly, we affirm.
The record contains testimony supporting the trial judge’s written reasons for judgment in which he concluded that plaintiff “was contributorily negligent in that he was traveling at an excessive rate of speed and, therefore, is precluded from recovery”. Two witnesses, i. e., now Judge Patrick Schott and Mayo K. Emory, in addition to plaintiff, testified that plaintiff’s motorcycle left from 100 to 106 feet of skid marks in a straight, unbroken line in the left traffic lane nearest the neutral ground. These witnesses further indicated that the skid marks ended approximately seven to nine feet from the point of impact, corroborating plaintiff’s testimony that the motorcycle turned on its side approximately that distance from the point of impact and slid into the defendant’s automobile.
Judge Schott and Mr. Emory estimated the speed of plaintiff’s motorcycle at between 40 to 45 miles per hour. Also, Dr. William Tonn, Jr., an expert in accident reconstruction, stated that, in his opinion, plaintiff’s motorcycle was traveling in the range of 45 miles per hour. His conclusion was based upon the hypothet that the motorcycle skidded approximately 100 feet in a straight, unbroken line and on actual tests made by a similar motorcycle [2] under similar circumstances at speeds of 30, 35, 40 and 45 miles per hour.
The trial judge chose to place reliance on the testimony of plaintiff’s witnesses who testified as to the speed of plaintiff’s motorcycle and the length of the skid marks. He chose further to reject plaintiff’s version of the accident, i. e., that the defendant’s automobile suddenly came out from S. Rocheblave Street, approximately .20 to 30 feet in front of the oncoming motorcycle, and that plaintiff, though traveling within the 35 mile per hour speed limit, could not avoid the accident.
Well engrained in our jurisprudence, not requiring citation, is the rule that questions of fact based on credibility will not be disturbed absent a finding of manifest error. *844 We find no such error in the determination made by the trial judge that plaintiff was guilty of contributory negligence.
We reject also plaintiff’s contention that Zeller did not avail himself of the last clear chance to avoid the accident when he failed to accelerate his vehicle, thereby removing it from the path of the oncoming motorcycle. We cannot say that Zeller’s actions, after he realized plaintiff’s plight, were unreasonable. As stated in Conley v. Continental Insurance Company, 270 So.2d 342 (La.App., 1st Cir. 1972), writ refused, 273.So.2d 42 (La.1973):
“The law is clear that one who suddenly finds himself in a position of peril, without sufficient time to consider and weigh all circumstances or best means which may be adopted to avoid an impending danger, is not required to exercise such control or degree of care and caution as required of a motorist who has ample time and opportunity for the full exercise of judgment and reason. * * Jj{ ”
It is necessary, in applying the rule, that the test of reasonableness be considered under the circumstances and the conditions existing at the time of the accident. Zeller testified that when he first saw the approaching motorcycles, they were traveling well within the speed limit, a block away, and that he had sufficient time to cross the southbound Napoleon Avenue traffic lane. According to eyewitness Judge Schott, the motorcycles revved up, and increased their speed to between 45 and 50 miles per hour after Zeller commenced to cross the intersection. Zeller testified that he did not accelerate' his automobile because everything happened so quickly. There exists no evidence in the record to dispute Zeller’s testimony in this respect. Furthermore, no convincing evidence is contained in the record, as claimed by plaintiff, that acceleration of the Zeller automobile would have taken defendant’s vehicle from the oncoming path of the Stewart motorcycle in time to avoid the accident.
Under the circumstances, we cannot say that Zeller, after finding himself in a position of peril, had an opportunity to avoid the accident [3] or that his actions were unreasonable. The doctrine of last clear chance is inapplicable. The judgment is affirmed.

Affirmed.

. Napoleon Avenue is a neutral ground thoroughfare with two traffic lanes and one parking lane for traffic traveling in the direction of the river (southerly direction) and two traffic lanes and one parking lane for traffic heading in the direction of the lake (northerly direction). S. Rocheblave is a two way street. Napoleon is described in the record as a major thoroughfare and S. Rocheblave is described as a minor residential street.

. A Honda CB 350.

. See Bazile v. Figueroa, 274 So.2d 837 (La.App., 4th Cir. 1973).