SCHOTT, Judge,
dissenting:
After a trial which, with respect to the liability of defendant, consisted of the testimony of defendant and his wife, two police officers who investigated the accident and three other witnesses, the trial judge made various findings of fact which include the following: 1) Powell had been traveling at approximately 35 miles an hour as he approached the intersection; 2) decedent had been standing on the median; 3) as Powell approached the intersection decedent in an intoxicated condition stepped from the median with the red light facing him and proceeded to walk south across the left travel-lane and into the middle travel-lane where he was struck by Powell’s automobile; 4) as Powell approached the intersection a green light faced him and continued to face him as he reached the intersection; 5) Powell did not see the deceased walking into the path of his vehicle until decedent was struck.
From these factual findings the trial judge arrived at the following specific conclusions:
“Powell was negligent in not keeping his vehicle under proper control and in failing to exercise proper vigilance.
“Henry Johnson was also negligent in walking across the highway with a red traffic signal light facing him and in the face of approaching traffic and his negligence was a substantial contributing cause of this tragic accident.”
The trial judge dismissed plaintiff’s suit on the basis of her husband’s contributory negligence.
On appeal, plaintiff takes issue with the trial judge’s factual findings and conclusions and seeks a reversal on those facts. She also urges that the doctrine of last clear chance applies and supports a reversal. On this last point, I agree with her.
In order for the doctrine of last clear chance to apply, the following conditions must exist: 1) The plaintiff was in a position of peril and he was unaware of the peril or unable to extricate himself from that position. 2) Defendant actually discovered plaintiff’s peril or should have discovered plaintiff’s peril. 3) At the time that defendant discovered or should have discovered plaintiff’s peril, defendant had a reasonable opportunity to avoid the accident. Foxworth v. State Farm Mutual Automobile Ins. Co., 308 So.2d 348 (La.App. 4th Cir. 1975).
The trial judge’s finding that defendant was negligent is supported by defendant’s own admission that he did not see the decedent at any time until the moment of impact. Of course this admission must be considered in the light of the skid marks which show that defendant saw decedent a few moments before the impact, i. e., when he began to apply his brakes. In any event, this intersection was adequately lighted as was the highway approaching the intersection. It is clear that had defendant seen what he should have seen and been in control of his vehicle he would have had a reasonable opportunity to avoid the accident. But my colleagues have found that the first requirement for the application of the doctrine did not exist because decedent was not in a position of peril at the time defendant should have discovered his presence on the road ahead of him. They say that decedent might have been in the process of traversing the left lane of the highway as defendant approached but until decedent actually stepped into the center lane in the path of defendant’s vehicle he was not in a position of peril. Stated differently, they hold that defendant was not under any duty to anticipate that decedent was going to leave the left lane where he was safe and step into the center lane where he was sure to be struck unless defendant stopped sooner or changed his course.
The majority view seems to be supported by this court’s opinion in Robertson v. Di *287 Gerolamo, 224 So.2d 118 (La.App. 4th Cir. 1969) where a drunken pedestrian who stepped from a neutral ground into the path of defendant’s vehicle was denied recovery pursuant to the following discussion:
“. . .We accept the uncontradicted accounts of the accident given by DiGerolamo and his companion which clearly establish Plaintiff stepped into the path of the Defendant-vehicle when the driver could do nothing to avert his injury. We cannot presume that, because Plaintiff was intoxicated, his intoxication should have been known to the approaching driver. All witnesses testified he stood in the neutral ground area not looking toward the approaching traffic but looking straight 'ahead. We think it was reasonable for the driver to assume the Plaintiff had observed what was obvious, i. e., a traffic signal that cautioned him to wait before crossing. It is not only the motorist who is charged with a duty to keep a proper lookout, but pedestrians as well
But defendant’s first problem is that his failure to see decedent at all until the last moment before the accident prevented him from exerting even the slightest effort to avoid it. Had he seen decedent crossing that left lane of traffic, obviously bound for the center lane within a few steps thereof, he would surely have been under some duty to sound his horn, put on his brakes at least to slow his vehicle if not to stop it, or move into the right lane which was clear. He took none of these steps not because of any intelligent appraisal of plaintiff’s position, as in the Robertson case, but because he didn’t see decedent despite the fact that he should have seen him.
In effect, my colleagues hold that defendant was under no duty to take the measures suggested to avoid the accident because if he had seen decedent approaching the center lane, decedent was not in a position of peril at that time. Only at the moment when decedent entered the center lane was he in a position of peril and at that moment defendant had no reasonable opportunity to avoid the accident. My answer is that one operating an automobile at 35 miles per hour on a collision course with a pedestrian about to enter his path cannot be said to act reasonably under the circumstances when he simply continues along that collision course without taking any precautions with the intractable hope that the pedestrian will, a) see him, and b) stop before a collision occurs. It would be inhumane to hold otherwise.
Once the conclusion is reached that decedent was in a position of peril as he crossed the left lane and was about to enter the center lane, the question becomes whether decedent was unaware of the peril or unable to extricate himself from that position. The trial judge found and the record amply supports the finding that decedent was highly intoxicated at the time of the accident. According to one of defendant’s experts decedent was nearly comatose. From this finding it follows that decedent was probably unaware of the peril he was in. While voluntary intoxication does not normally provide a party in an accident with any special consideration and while normally his conduct is judged on the basis of what it should have been had it not been for the intoxication, the doctrine of last clear chance seems to depart from this principle. For instance, in Foxworth v. State Farm Automobile Ins. Co., supra, the plaintiff, while in a drunken, unconscious state lying in a driveway, was allowed recovery. And in Jackson v. Cook, 189 La. 860, 181 So. 195 (1938) the plaintiff, while drunk and staggering along the road, was allowed recovery. The citation of these cases is not intended to suggest that there is any evidence that defendant should have realized decedent in the instant case was drunk, but they do seem to support the view that the last clear chance doctrine is truly a humanitarian doctrine designed to afford recovery to a helpless plaintiff where ordinarily the doctrine of contributory negligence would bar his recovery even where that plaintiff is helpless because of his own voluntary intoxication.
I would reverse the judgment of the trial court.